```
                                                              1

 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3   UNITED STATES OF AMERICA,        ) Docket Nos. 19 CR 864-1,-2
                                      )
 4              Plaintiff,            ) Chicago, Illinois
                                      ) January 8, 2020
 5         v.                         ) 9:34 a.m.
                                      )
 6   RISHI SHAH and SHRADHA AGARWAL,  )
                                      )
 7              Defendants.           )

 8
            TRANSCRIPT OF PROCEEDINGS - Motion Hearing
 9           BEFORE THE HONORABLE THOMAS M. DURKIN

10
     APPEARANCES:
11

12   For the Government:  MR. WILLIAM E. JOHNSTON
     (via telephone)      United States Department of Justice
13                        Criminal Division, Fraud Section
                          1400 New York Avenue NW
14                        Washington, DC 20530

15
     For Defendant        MR. JONATHAN C. BUNGE
16   Shah:                Quinn Emanuel Urquhart & Sullivan LLP
                          191 N. Wacker Drive
17                        Suite 2700
                          Chicago, IL 60606
18

19   For Defendant        MS. CHRISTINA M. EGAN
     Agarwal:             McGuire Woods LLP
20                        77 W. Wacker Drive
                          Suite 4100
21                        Chicago, IL 60601

22
     Court Reporter:      LAURA R. RENKE, CSR, RDR, CRR
23                        Official Court Reporter
                          219 S. Dearborn Street, Room 1432
24                        Chicago, IL 60604
                          312.435.6053
25                        laura_renke@ilnd.uscourts.gov
```

| | |
|---|---|
| 1 | (In open court.) |
| 2 | THE CLERK: 19 CR 864, United States of America v. |
| 3 | Shah. And I need to get government's attorney on the line. |
| 4 | (Clerk places telephone call.) |
| 5 | MS. EGAN: Good morning, your Honor. Christina |
| 6 | Egan -- |
| 7 | THE COURT: Let's wait till we get -- |
| 8 | MR. JOHNSTON: Hello. |
| 9 | THE COURT: -- the person -- |
| 10 | MR. JOHNSTON: William Johnston -- |
| 11 | THE COURT: -- on the phone. |
| 12 | MR. JOHNSTON: -- speaking. |
| 13 | THE CLERK: Hi. This is Sandy with Judge Durkin |
| 14 | calling on 19 CR 864, United States of America v. Shah. |
| 15 | THE COURT: All right. Good morning. Let's have |
| 16 | everyone identify themselves for the record, starting first |
| 17 | with the person on the phone. |
| 18 | MR. JOHNSTON: This is William Johnston for the United |
| 19 | States. |
| 20 | THE COURT: Okay. |
| 21 | MS. EGAN: And good morning, your Honor. Christina |
| 22 | Egan on behalf of Shradha Agarwal. |
| 23 | MR. BUNGE: Good morning, your Honor. Jon Bunge for |
| 24 | Mr. Shah. |
| 25 | THE COURT: All right. There's an unopposed motion |

1  for leave to file a brief in excess of 15 pages. That's
2  granted.
3      And then, as a matter of disclosure -- Mr. Johnston,
4  are you going to prosecute this case? I didn't know if it's
5  being prosecuted by the U.S. Attorney's Office here or by
6  Department of Justice.
7      MR. JOHNSTON: It's being jointly prosecuted, your
8  Honor.
9      THE COURT: Okay. And you're in DC, correct?
10     MR. JOHNSTON: Yes, your Honor.
11     THE COURT: All right. You should know that I know
12 Mr. Bunge because we worked together in the U.S. Attorney's
13 Office. We're -- I don't know if -- how you'd call
14 professional friends, but friendly. We know each other. I've
15 never been to his house; he's never been to mine.
16     And the same goes through with Ms. Egan. We were -- I
17 don't think we were in the U.S. Attorney's Office together. We
18 worked at Mayer Brown together. And so, again, we're friendly.
19 See each other at bar association meetings, Inns of Court,
20 things like that. But we haven't -- we're not close personal
21 friends in -- in that sense.
22     But I make that as a matter of disclosure. I think
23 your counterpart in the U.S. Attorney's Office in Chicago knows
24 all these things, but you wouldn't because you're not from
25 Chicago. So I wanted to tell you that. If it gives you pause

1     or is a basis where you think I ought to recuse myself, you can
2     certainly make such a motion. But now you know what I know.
3     So ...
4             MR. JOHNSTON: Okay. Thank you, your Honor.
5             THE COURT: All right.
6             All right. There's a motion to amend the protective
7     order and vacate the seizure warrant which has been filed by
8     defendants Shah and Agarwal.
9             And I assume the government wants to respond to it.
10    You're objecting to it, I take it.
11            MR. JOHNSTON: Yes, your Honor.
12            THE COURT: And how much time do you want to respond?
13            MR. JOHNSTON: Two weeks should be sufficient.
14            THE COURT: All right. We'll give you a date.
15            THE CLERK: That's the 22nd.
16            THE COURT: And what kind of time do you need for a
17    reply?
18            MR. BUNGE: I think one week.
19            THE COURT: All right.
20            THE CLERK: 29th.
21            THE COURT: Okay. The reason I had you come in rather
22    than just set a briefing schedule is, why does this have to be
23    under seal? I understood why the original motion to seize the
24    assets was under seal: for fear the money may disappear. I
25    don't know enough of the facts to know whether that's even a --

1  was likely.  But the government often makes motions to seize
2  assets under seal so they can get the seizure accomplished
3  before someone would have notice of it and could possibly move
4  the money.
5       But I didn't see anything particularly secret about
6  anything at this point.  Is there a reason the motion has to be
7  under seal and any response under seal?  It's unwieldy.
8  Criminal proceedings, absent a good reason, ought to be public.
9       So that's my question.  I guess I'll ask that of the
10 defense counsel because you filed the motion under seal.
11       MR. BUNGE:  Your Honor, we only filed the motion under
12 seal because we deal at length with the protective order and
13 the seizure warrant, which both were under seal as of your
14 11/22 order.  We don't care one way or the other whether it's
15 under seal.
16       THE COURT:  Okay.
17       MR. BUNGE:  I also think --
18       THE COURT:  Yeah.
19       MR. BUNGE:  -- that -- I'm sorry to interrupt, but
20 I --
21       THE COURT:  Go ahead.
22       MR. BUNGE:  -- think your order sealing the protective
23 order and the seizure warrant is up for renewal on
24 January 24th.  So it may just expire on its own terms as of
25 that date.

1    THE COURT: Well, I'm going to unseal this, your
2 motion. No need for it to be filed -- remain under seal. And
3 the government's response does not have to be under seal absent
4 some extraordinary reason I can't think of right now. So the
5 response and the reply should not be under seal. The motion
6 itself will be unsealed.
7    And when is our status on this case? I think we have
8 one set.
9    MS. EGAN: January 23rd, your Honor.
10    THE COURT: Okay. And when was the last date for the
11 brief?
12    THE CLERK: The 29th.
13    THE COURT: Why don't we kick this over. There's no
14 particular reason we have a date the 23rd. It's just really to
15 get an initial status, have the defendants come in. Why don't
16 we kick this over to early February so possibly I can give you
17 a ruling on this motion at the same time we have our first
18 status. So ...
19    THE CLERK: Do you want the first week?
20    THE COURT: Yeah.
21    THE CLERK: Second week?
22    THE COURT: Late the first week or early the second
23 week.
24    THE CLERK: How is February 12th?
25    MR. BUNGE: It's fine with me, your Honor.

1         MS. EGAN: And that's fine with me as well.

2         THE COURT: How --

3         MR. JOHNSTON: That's fine --

4         THE COURT: -- does that work --

5         MR. JOHNSTON: -- for the --

6         THE COURT: -- for the government?

7         MR. JOHNSTON: -- United States.

8         That works.

9         THE COURT: Okay. So February 12th, we'll have our

10 initial status. Defendants should be here for that. And

11 hopefully I'll give you a ruling on this motion when I see the

12 briefs, and we can decide how to proceed. Give me an update on

13 where discovery is at, whether you anticipate filing motions,

14 whether we ought to set a trial date or that's premature.

15         MS. EGAN: And, Judge, as of this time, the government

16 has taken the position that because we have filed limited

17 appearances, they are not providing us with the discovery. So

18 I don't know that we'll be in the position to comment on

19 motions at the status date, Judge.

20         THE COURT: That raises two questions: Why is there a

21 limited appearance? And then why isn't the government giving

22 you discovery, limited appearance or not? So the first

23 question is, why are you filing limited appearances?

24         MS. EGAN: Judge, we filed limited appearances for

25 purposes of arraignment, as well as litigating this motion.

1     And we did so because it is -- it is in question whether there
2     are going to be legal fees to continue to have us retained as
3     counsel.
4         THE COURT:  Well, it's about $11 million you're
5     seeking from the seizure for fees, correct?  And is that for
6     both defendants?
7         MR. BUNGE:  That's right, your Honor.  10.3.
8         THE COURT:  Okay.  Rounding up, I guess.  But 10.3.
9         You haven't incurred that amount yet.  I take it
10    that's in anticipation of a vigorous defense.
11        MR. BUNGE:  That's right.
12        MS. EGAN:  That's correct, Judge.
13        THE COURT:  Okay.  All right.
14        Well, I don't know why the government wouldn't turn
15    over the -- why are you not turning over their discovery?
16    Whether they're in the case or someone else comes in, they --
17    if Ms. Shah and Mr. Agarwal can't -- or is it -- do I have it
18    reversed?  I'm not sure who --
19        MS. EGAN:  Yeah.
20        THE COURT:  I've got it right?
21        MS. EGAN:  It's Ms. Agarwal and Mr. Shah, Judge.
22        THE COURT:  All right.  If Ms. Agarwal and Mr. Shah
23    can't afford counsel, they'll get a federal defender appointed.
24    So one way or the other, they're entitled to counsel, either of
25    choice or by appointment.  Why is the government not turning

1  over discovery?  This is going to be, at least by my reading of
2  the indictment, a massive document case.  So why --
3              MR. JOHNSTON:  Yes, your Honor.
4              THE COURT:  Yeah.
5              MR. JOHNSTON:  We provided it to the third defendant,
6  Brad Purdy, because the counsel for Brad Purdy has made a full
7  appearance and -- and decided he was going to be in the case.
8  With other counsel, with the uncertainty as to whether they're
9  even going to be in the case, we had decided to just delay
10 giving the discovery until the -- there's actually a decision.
11             But if the Court would prefer for us to just produce
12 them even though that they may not be in the case, we're
13 willing to do so.  There are some additional discovery issues
14 that we'll have to -- probably should only be decided by
15 counsel who is going to be representing them fully, rather than
16 just a limited appearance.
17             But that was -- you know, they hadn't represented to
18 us that they were actually going to be defending them, only
19 just trying to get a preliminary ruling.  So that's why we
20 delayed it --
21             THE COURT:  Well, it's --
22             MR. JOHNSTON:  -- at this time.
23             THE COURT:  I assume that it's not boxes of records.
24 It's thumb drives or -- most of this is probably electronic.
25             MR. JOHNSTON:  Yes, your Honor.  It's a couple hard

1 drives.

2 THE COURT: All right. Turn over the hard drives to
3 current counsel.

4 MR. JOHNSTON: Okay.

5 THE COURT: There's no reason -- I don't know if
6 they're going to look at it. But it's easy enough to duplicate
7 or for them to turn over to a successor counsel if they don't
8 remain in the case. But I'd rather get moving on this than
9 delay it even by three weeks, which is what it would be delayed
10 by until I rule on this motion.

11 So why don't you turn it over, Mr. Johnston.

12 MR. JOHNSTON: Yes, your Honor.

13 THE COURT: Seems like a relatively -- if this were
14 copying reams of paper, I'd feel differently. But you can copy
15 hard drives very easily.

16 MR. JOHNSTON: Yes, your Honor.

17 MS. EGAN: And, Judge, one point of clarification
18 because I don't want to leave a misimpression with the Court.
19 There are certain funds as reflected in our brief that the
20 government has said that they are not seeking to make part of
21 the protective order. And I just wanted to clarify that --

22 THE COURT: Okay.

23 MS. EGAN: -- for the Court.

24 THE COURT: Very good. Well, we'll see who remains in
25 the case and whether I have to appoint counsel if the

```
1   defendants can't -- can't afford one.  But that's how we'll
2   proceed.  And we'll make that the new date.
3           Mr. Johnston, do you have a motion under the Speedy
4   Trial Act to exclude time through the next status?
5           MR. JOHNSTON:  Yeah, we can -- do we make one orally,
6   or do you want me to file one?
7           THE COURT:  Orally is fine.
8           MR. JOHNSTON:  Yes, your Honor.  We move to exclude
9   the time to the next status conference.
10          THE COURT:  All right.  Based on the complexity of the
11  case and need to determine whether defendants have their choice
12  of counsel and can fund their choice of counsel.
13          Any objection?
14          MR. BUNGE:  No, your Honor.
15          MS. EGAN:  No, your Honor.
16          THE COURT:  All right.  And that order will apply to
17  Mr. Purdy too in his absence.  But the case, even if -- it's
18  Mr. Poulos on that one, right?
19          MS. EGAN:  Correct.
20          THE COURT:  And by the way, Mr. Johnston, Mr. Poulos
21  was somebody I worked with in the U.S. Attorney's Office also.
22  Also a friend.  But he's never seen my house; I've never seen
23  his.  But you've got that piece of information out there now
24  too.
25          And it is still a complex case even as to Mr. Purdy,
```

1   so I'll exclude time for that reason too.
2           Okay.  We'll see you in February.
3           MR. BUNGE:  Thank you, your Honor.
4           MS. EGAN:  Thank you, Judge.
5           THE COURT:  Thank you.
6           MR. JOHNSTON:  Thank you, your Honor.
7      (Concluded at 9:44 a.m.)
8                       C E R T I F I C A T E
9      I certify that the foregoing is a correct transcript of the
10  record of proceedings in the above-entitled matter.
11
12  */s/ LAURA R. RENKE*                              *January 16, 2020*
    LAURA R. RENKE, CSR, RDR, CRR
13  Official Court Reporter