```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )   Docket No. 19 CR 864
        Plaintiff,              )
                                )   Chicago, Illinois
    vs.                         )   January 22, 2021
                                )   1:39 p.m.
RISHI SHAH, SHRADHA AGARWAL,    )
BRAD PURDY, and ASHIK DESAI,    )
                                )
        Defendants.             )
```

TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Oral Ruling
BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

For the Government:    MR. MATTHEW F. MADDEN
                       MR. SAURISH APPLEBY-BHATTACHARJEE
                       U.S. Attorney's Office in the
                       Northern District of Illinois
                       219 South Dearborn Street, 5th Floor,
                       Chicago, Illinois  60604

                       MR. WILLIAM E. JOHNSTON
                       MR. KYLE CONRAD HANKEY
                       U.S. Department of Justice
                       Criminal Division, Fraud Section,
                       1400 New York Avenue NW
                       Washington, D.C.  20530

                            ELIA E. CARRIÓN
                         Official Court Reporter
                       United States District Court
                  219 South Dearborn Street, Room 1432,
                           Chicago, Illinois 60604
                              (312) 408-7782
                       Elia_Carrion@ilnd.uscourts.gov

| | | |
|---|---|---|
| 1 | APPEARANCES (Continued:) | |
| 2 | For Defendant Shah: | MR. JOHN C. HUESTON |
| | | Hueston Hennigan LLP |
| 3 | | 620 Newport Center Drive, Suite 1300, |
| | | Newport Beach, California 92660 |
| 4 | | |
| | | MS. VICKI CHOU |
| 5 | | MR. MICHAEL H. TODISCO |
| | | Hueston Hennigan LLP |
| 6 | | 523 West 6th Street, Suite 400, |
| | | Los Angeles, California 90014 |
| 7 | | |
| 8 | For Defendant Agarwal: | MS. KOREN L. BELL |
| | | MS. NICOLE J. KIM |
| 9 | | Larson LLP |
| | | 555 South Flower Street, Suite 4400, |
| 10 | | Los Angeles, California 90071 |
| 11 | | MR. PATRICK W. BLEGEN |
| | | Blegen & Garvey |
| 12 | | 53 West Jackson Boulevard, Suite 1437, |
| | | Chicago, Illinois 60604 |
| 13 | | |
| 14 | For Defendant Purdy: | MR. THEODORE T. POULOS |
| | | MS. EMILY C.R. VERMYLEN |
| 15 | | Cotsirilos, Tighe, Streicker, Poulos & Campbell, Ltd |
| 16 | | 33 North Dearborn Street, Suite 600, |
| | | Chicago, Illinois 60602 |
| 17 | | |
| 18 | ALSO PRESENT: | MR. RISHI SHAH |
| | | MS. SHRADHA AGARWAL |
| 19 | | MR. BRAD PURDY |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

```
 1        (Proceedings had telephonically:)
 2            THE COURT:  All right.  Please call the criminal
 3   case.
 4            THE CLERK:  All right.  The next case is 19 CR 864,
 5   United States versus Shah, Agarwal, and Purdy.
 6            Judge, would you like the attorneys to state their
 7   names again?
 8            THE COURT:  I think for purposes of the transcript,
 9   they probably should.
10            THE CLERK:  Would the attorney speaking on behalf of
11   the government please state their name.
12            MR. MADDEN:  Good afternoon, Your Honor.
13   Matthew Madden on behalf of the United States.  I'm joined by
14   my colleagues Saurish Appleby-Bhattacharjee, William Johnston,
15   and Kyle Hankey.
16            THE CLERK:  And on behalf of Defendant Shah.
17            MR. HUESTON:  Good afternoon, Your Honor.
18   John Hueston on behalf of Defendant Shah, and I'm accompanied
19   by Vicki Chou and Michael Todisco; and Mr. Shah is also
20   present.
21            THE CLERK:  And on behalf of Defendant Agarwal.
22            MS. BELL:  Good afternoon.  Koren Bell, accompanied
23   again by Nicole Kim and Pat Blegen, as well as Ms. Agarwal,
24   who is present on the line.
25            THE CLERK:  And on behalf of Defendant Purdy.
```

1 MR. POULOS: Good afternoon. Ted Poulos on behalf of
2 Defendant Purdy, along with Emily Vermylen; and Mr. Purdy is
3 present on the line as well.
4 THE COURT: All right. Thank you, all.
5 There was a motion for a bill of particulars filed by
6 defendants in this case.
7 Defendants contend that the indictment is
8 insufficiently detailed and seek a bill of particulars asking
9 the government to provide details regarding the following:
10 allegedly fraudulent representations regarding doctors and
11 doctor's offices within Outcome's network; alleged lies
12 regarding numbers of screens; allegedly falsely inflated
13 patient engagement metrics; alleged underdelivery on Outcome's
14 advertising campaigns; alleged overbilling for advertising;
15 alleged altering of reports; decisions to exclude Outcome
16 salespeople from certain communications; and identities of
17 other participants in the alleged fraudulent scheme.
18 Federal Rule of Criminal Procedure 7(c)(1) requires
19 an indictment to be a plain, concise, and definite written
20 statement of the essential facts constituting the offense
21 charged. Rule 7(f) provides that I may direct the government
22 to file a bill of particulars to remedy an insufficient
23 indictment. Whether to do so is committed to my sound
24 discretion.
25 First, I must consider whether the indictment

sufficiently apprises the defendant of the charges to prepare him for trial. *United States v. Canino*, 949 F.2d 928 and 949, (7th Circuit 1991).

If the indictment is sufficient, a bill of particulars will usually not be required where the government provides discovery to the defendants with more detailed information about the alleged criminal conduct. The government's disclosures must be sufficient to allow the defendant to prepare a defense and to protect his double jeopardy rights. But the government is not required to reveal the details of how it plans to prove its case. These standards are set forth by the Seventh Circuit in *United States v. Glecier*, 923 F.2d 496, a 1991 Seventh Circuit case.

The 58-page indictment in this case is extremely detailed, well beyond what is required under Rule 7(c). Paragraphs 3 through 12 of the indictment set forth in detail the nonfinancial reporting aspects of the fraud scheme. It allows defendants to know what the charges are with sufficient specificity. Proving that alleged fraud through ad campaigns not mentioned by name in the indictment does not improperly amend the indictment or cause defendants to be tried for something the grand jury did not charge.

Moreover, the government's disclosures in this case have been massive. Greater than any I have seen in 40 years

1  as a prosecutor, defense attorney, and judge.  There is no
2  question that defendants have sufficient information about
3  their alleged conduct to be able to defend the case.  The
4  grand jury testimony and exhibits, the reports of witness
5  interviews, the government's reverse proffers, and the reports
6  from Outcome Health's internal investigations identify all the
7  alleged fraudulent conduct.
8          And, importantly, that information has not been
9  provided as an undifferentiated mass, but instead has been
10 indexed.  It appears to be essentially an open-file policy by
11 the government.  There's no mention by the government of
12 anything that they have held back, even if they're entitled to
13 do so.
14         Mr. Madden, I'm going to ask you:  Have you held back
15 anything?  In other words, is this truly an open file by --
16 and other than privileged work product, have you held anything
17 back?
18         MR. MADDEN:  Your Honor, we expect there to be some
19 expert discovery, you know, which we would typically disclose
20 closer to trial.  That's the main exception that I can think
21 of.
22         And then the second piece of it is that we're still
23 working through some of the electronic discovery, which we
24 discussed in our last call which relates to working out
25 privilege issues, which I did think we're -- you know, we're

1  going to have worked out and sent -- 'cause at this point
2  we've produced all of the electronic device discovery to the
3  person -- person -- the defendant who used that device.  And
4  the next step is turning over the electronic device results to
5  the other -- to the codefendants.
6  Those are the two main categories that I can think
7  of, Your Honor, that we still have to produce in discovery.
8  THE COURT:  All right.  Well, that indicates to me
9  essentially, with the two exceptions you made, an open-file
10 policy.
11 And as defendants concede, the problem is not too
12 little information, but it's almost too much.
13 Defendants' motion assumes that the large size of the
14 alleged fraud and the massive amount of discovery that has
15 been disclosed will prevent the government from presenting all
16 of it at trial.  So defendants essentially seek a bill of
17 particulars to learn how the government plans to narrow it
18 down.
19 Specifically, defendants want to know what ad
20 campaigns the government will prove up to the jury.  Four
21 campaigns are alluded to in the indictment, while it appears
22 some 43 are mentioned in the internal report by Winston &
23 Strawn as having some element of falsity.
24 The government is free to prove as much alleged fraud
25 as there is evidence, whether it is as to four ad campaigns or

the 43 noted in the Winston & Strawn report. The defense contends there are 163 campaigns involving 43 drugs. Regardless of the number of campaigns and drugs implicated in this case, the government has no obligation to reveal how it will prove up the charges, even if the alleged fraud covers many ad campaigns.

However, to the extent the government has already decided it will not pursue certain of the ad campaigns, it should disclose that information to the defense immediately. It is a waste of defendants' time to prepare for part of the case the government has already decided not to present, and that's a continuing obligation. But the government is not required to make such a decision now or at any particular time in the future.

As I said, it is the government's prerogative to pursue as much or as little of the alleged fraud at trial as it sees fit. And the government is not required to reveal to the defense what aspects of the fraud the trial will focus on. But to the extent the government decides not to prove up certain campaigns or certain aspects of the fraud, as I said, the government should disclose those decisions to the defense when that decision is made.

As a matter of case management, given the expected length of the trial, the Court may require the government to specify which ad campaigns it will attempt to proffer had

1  fraudulent elements. That will not be meant to limit the
2  government, but instead to allow for proper estimation of the
3  length of trial.
4       The time for such a disclosure is certainly not now
5  and will be much closer to the trial date when presumably the
6  government will be in a better position, given the nature of
7  active trial preparation to say if all or some of the ad
8  campaigns are at issue.
9       So for all those reasons, the defendants' motion for
10 the bill of particulars is denied.
11      All right. Is there anything else we need to discuss
12 on the criminal case today?
13      MR. MADDEN: Mr. Madden on behalf of the government.
14 Not from the government's perspective, Your Honor.
15      THE COURT: And anything else from the defendants?
16      If there's nothing, no need to say anything, but if
17 there is something you wish to raise, you should please do so
18 now and identify yourself when you do it.
19      Okay. Do we have another date on this case, Emily?
20      THE CLERK: Okay. Taking a look at that right now.
21 It looks like we do not.
22      THE COURT: All right. Let's set a date in early May
23 for our next status.
24      THE CLERK: Okay. All right. May 4th at 9:00 A.M.
25      THE COURT: Let's do it -- because of all the

1 attorneys on the West Coast, let's do it at 1 o'clock Chicago
2 time.
3 　　　　　THE CLERK: Sure. No problem. That works.
4 　　　　　THE COURT: All right. And defendants' presence will
5 be waived. They're certainly free to call and -- they're
6 welcome to and -- but they are not required to.
7 　　　　　That'll be a status, and we'll determine if we have
8 any greater news on vaccines and the pandemic.
9 　　　　　More importantly, if you can get me a report on the
10 electronic discovery that's going on right now and if -- and,
11 Mr. Madden, I would like you to absolutely -- review
12 carefully. If there are ad campaigns that you are certainly
13 not going to pursue, that I view as a continuing obligation of
14 you to let the defense know that. So please do that.
15 　　　　　MR. MADDEN: Understood, Your Honor. We will.
16 　　　　　THE COURT: All right. As to the civil case, let's
17 hear that on the same day at the same time, and I expect -- I
18 hope you won't be back in before that on any motions relating
19 to particular discovery requests in those cases.
20 　　　　　What I would like the attorneys to do in that case is
21 propose a written discovery schedule, and I'll give you
22 21 days to propose one. Provide it in writing.
23 　　　　　If there are agreements as to dates, that should be
24 in the written submission. If there are disagreements, note
25 the disagreements on the face of your proposed schedule and

1 I'll rule on those disagreements, and you'll get a minute
2 order with the discovery schedule in the civil case.
3 　　　　If I feel it's necessary to have some kind of a
4 conference call on those disputes before the May date, we'll
5 simply set that. You'll get an order from my courtroom deputy
6 setting that.
7 　　　　So, Emily, 21 days from today is when?
8 　　　　THE CLERK: That would be February 12th.
9 　　　　THE COURT: All right. So the SEC and the defense
10 counsel in that case should submit a joint proposed discovery
11 plan by that date and noting any disagreements in the face of
12 the plan.
13 　　　　Any questions on the civil case from the SEC?
14 　　　　MR. LEIMAN: Your Honor, this is Tim Leiman for the
15 Securities and Exchange Commission.
16 　　　　When the motion was filed, we didn't have an answer
17 yet so we don't even know the -- you know, affirmative
18 defenses or anything like that.
19 　　　　Could we set a date for the answer to precede the --
20 the joint discovery schedule submission so that we can sort of
21 know what the --
22 　　　　THE COURT: Good point. 21 days to answer or
23 otherwise plead. And then 14 days after that for the
24 submission of the joint discovery plan.
25 　　　　So the 21 days, you already got that date -- you

1 already have that date, rather.

2 And 14 days after that, Emily, is when?

3 THE CLERK: That would be February 26th.

4 THE COURT: Okay. So that's the date for the
5 submission of the discovery plan.

6 Thank you for raising that issue.

7 Anything else from the SEC?

8 MR. LEIMAN: No. Thank you, Your Honor.

9 THE COURT: Anything from defense counsel in the
10 civil case?

11 If there's nothing, no need to say anything, but if
12 there is, please state your full name and raise your issue.

13 Okay. Thank you all on both cases. Take care.

14 (Time noted: 1:52 p.m.)

15 (Which were all the proceedings heard.)

16 CERTIFICATE

17 I certify that the foregoing is a correct transcript from
18 the record of proceedings in the above-entitled matter.

19 */s/ Elia E. Carrión*          *6th day of February, 2021*
20 *Elia E. Carrión                          Date*
   *Official Court Reporter*
21
22
23
24
25