```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )   Docket No. 19 CR 864
          Plaintiff,              )
                                  )   Chicago, Illinois
     v.                           )   June 21, 2022
                                  )   12:00 p.m.
RISHI SHAH, SHRADHA AGARWAL,      )
BRAD PURDY, and ASHIK DESAI,      )
                                  )
          Defendants.             )


        TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Status Hearing
              BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

For the Government:    MR. MATTHEW F. MADDEN
                       MR. SAURISH APPLEBY-BHATTACHARJEE
                       U.S. Attorney's Office in the
                       Northern District of Illinois
                       219 South Dearborn Street, 5th Floor,
                       Chicago, Illinois  60604


                       MR. WILLIAM E. JOHNSTON
                       MR. KYLE CONRAD HANKEY
                       U.S. Department of Justice
                       Criminal Division, Fraud Section,
                       1400 New York Avenue NW
                       Washington, D.C.  20530




                          ELIA E. CARRIÓN
                       Official Court Reporter
                      United States District Court
                 219 South Dearborn Street, Room 1432,
                         Chicago, Illinois 60604
                             (312) 408-7782
                    Elia_Carrion@ilnd.uscourts.gov
```

| | |
|---|---|
| 1 | APPEARANCES (Continued:) |
| 2 | For Defendant Shah: MS. KAREN DING |
| | Hueston Hennigan LLP |
| 3 | 523 West 6th Street, Suite 400 |
| | Los Angeles, California  CA 90014 |
| 4 | |
| 5 | For Defendant Agarwal: MR. A. ALEXANDER LOWDER |
| | Larson LLP |
| 6 | 555 South Flower Street, Suite 4400, |
| | Los Angeles, California  90071 |
| 7 | |
| 8 | For Defendant Purdy: MR. THEODORE T. POULOS |
| | Cotsirilos, Tighe, Streicker, Poulos & |
| 9 | Campbell, Ltd |
| | 33 North Dearborn Street, Suite 600, |
| 10 | Chicago, Illinois  60602 |

1  (Proceedings had telephonically:)
2            THE COURT:  Emily, please call the case.
3            THE CLERK:  All right.  This is Case No. 19 CR 864.
4       Could I please have the attorneys present on behalf
5  of the United States state their name.
6            MR. MADDEN:  Good afternoon.  Matthew Madden,
7  Saurish Appleby-Bhattacharjee, William Johnston, and
8  Kyle Hankey on behalf of the United States.
9            THE CLERK:  And on behalf of Rishi Shah.
10           MS. DING:  Good afternoon.  Karen Ding on behalf of
11 Rishi Shah.
12           THE CLERK:  And on behalf of Shradha Agarwal.
13           MR. LOWDER:  Good afternoon.  Alex Lowder on behalf
14 of Ms. Agarwal.
15           THE CLERK:  And on behalf of Brad Purdy.
16           MR. POULOS:  Good afternoon, Your Honor, and
17 everyone.  Ted Poulos on behalf of Brad Purdy.
18           THE COURT:  All right.  Good afternoon.  We set this
19 status some time ago.  We had a hearing on the motion to
20 release funds since that time, but we didn't really deal with
21 any trial issues.  We've set these calls up periodically just
22 to make sure we're still on track for our January 23rd trial
23 date.  I assume we are.
24           Is there anyone who disagrees?
25           The record should reflect no one has said anything

1  so we're going to start January 23rd.

2  What is the status of expert disclosures?  The
3  government was going to disclose its rebuttal experts by
4  June 8th.  What is the status of experts overall?

5  I'll start first with the government.

6  MR. MADDEN:  Your Honor, we -- the government
7  disclosed our experts and -- we disclosed three experts; the
8  defense also disclosed an expert.  We -- you may recall there
9  was some email traffic recently that we disclosed our rebuttal
10 expert on June 8th, including a -- his name, his CV, his
11 expected area of testimony, and we are providing a
12 supplemental expert disclosure that will contain a Rule 16
13 summary of his anticipated testimony on August 8th.

14 One thing I think that we had discussed doing today
15 was setting a briefing schedule on potential *Daubert* motions.
16 And the parties have conferred about that and subject to your
17 disclosure -- subject to your approval, we've got a proposal
18 on that.

19 THE COURT:  All right.  Anything else anyone wants to
20 report on experts?

21 Okay.  Well, why don't you contact my courtroom
22 deputy -- well, why don't you tell me what that schedule is,
23 Mr. Madden.

24 MR. MADDEN:  Sure, Your Honor.  The -- we propose
25 that the -- any *Daubert* motions be filed on or before

1  August 19th, any response would be approximately 30 days
2  later, which would be to and including September 21st, and
3  then 14 days for a reply would be October 5th.
4              THE COURT:  That's fine by me.  And I assume --
5  that's an agreed-to schedule, Mr. Madden?
6              MR. MADDEN:  It is, Your Honor.
7              THE COURT:  All right.  That's fine.
8              And, Emily, if you could enter those dates, we'll put
9  that in as the briefing schedule.
10             Who are the experts?  And I don't mean by name, but
11 why don't you tell me what the subject matter the government
12 experts cover, what subject matter defense experts cover, and
13 what any rebuttal experts cover.
14             MR. MADDEN:  Sure.  The government's expert,
15 Your Honor, is an accounting expert and his testimony will be
16 related to the underdelivery.  And the defense disclosed three
17 experts.  One is an accounting expert who was critical of the
18 performance of Outcome's auditor and the other two are startup
19 experts.  And then we have one rebuttal expert who is an
20 accounting expert who would potentially rebut the defense
21 accounting expert.
22             THE COURT:  All right.  And maybe someone for the
23 defense can talk about what is the relevance of the expert as
24 to -- well, each of your experts?
25             MS. DING:  Sure.  This is Karen Ding for Rishi Shah.

1    MR. POULOS: Your Honor --
2    MS. DING: Oh.
3    (Indiscernible crosstalk.)
4    MR. POULOS: No, please, go ahead, Ms. Ding.
5  Thank you.
6    MS. DING: Okay. So the defense -- I'll just speak
7  on the two defense experts as to startups. So the first I've
8  heard is Dr. Karl Muth, and he is -- he's an academic, very
9  experienced both academically and, actually, practically, as
10 well, in the startup world and he'll be testifying about the
11 life cycle of startups, the organizational and operational
12 issues that are peculiar to them, how they are often
13 organized, and the different challenges faced by startups.
14    He'll also talk about how the venture financing
15 process works and -- which is obviously, you know, relevant
16 here. Then the other expert on startups is Mr. Chris Yeh, and
17 he is more specifically an expert on blitzscaling, so these
18 are startups that grow extremely quickly because of the nature
19 of the markets that they're in where very fast growth is
20 necessary to success and the particular challenges faced by
21 those specific kinds of startups.
22    THE COURT: All right. What was your third expert?
23    MR. POULOS: Your Honor, it's Ted Poulos.
24    The third expert is an accounting expert who in many
25 ways largely agrees with the government accounting expert that

1 certain recognition procedures that Outcome employed that were
2 approved and authorized by Deloitte & Touche, the auditor,
3 were not consistent with GAAP and inappropriate use -- and
4 inappropriate principles of GAAP in connection with revenue
5 recognition-type issues.
6 And in addition to that, looking at the standards
7 of -- that auditors are held to also opined that Deloitte
8 should have known certain things and should've taken certain
9 additional actions based on facts and information that had
10 been presented to them and that they failed to do.
11 THE COURT: All right. And, Mr. Madden, you expect
12 somebody from Deloitte to testify?
13 MR. MADDEN: Yes, Your Honor. We interviewed a few
14 people -- a few Deloitte employees who were -- who audited
15 Outcome Health, and I'd expect we'd have at least one Deloitte
16 witness at trial.
17 THE COURT: All right. Okay. Well, I'll look
18 forward to the -- do both sides expect to file *Daubert* motions
19 to knock out each other's witness or are some witnesses going
20 to be unchallenged, at least for purposes of *Daubert*, not for
21 purposes of cross-examination, of course?
22 MR. MADDEN: Your Honor, it's Mr. Madden for the
23 government.
24 The government does expect to file a *Daubert* motion.
25 We'll likely challenge all three defense experts.

1  THE COURT: All right. How about on the defense
2 side?
3  MR. POULOS: Your Honor, we do not anticipate filing
4 a *Daubert* challenge as to the government's initial expert.
5 And one of the things that -- you know, we are setting this
6 *Daubert* schedule, but we don't have the summary of -- we don't
7 know what their rebuttal expert will say. And so depending on
8 what we see there -- and that's not going to be produced until
9 August 8 -- you know, we may or may not, and if we do decide
10 to file a *Daubert* motion, Your Honor, we'll both file a motion
11 and ask for a separate briefing schedule as to them because
12 it's being disclosed too close to the date for motions for
13 *Daubert* motions as to the previously disclosed witnesses.
14  THE COURT: Mr. Madden, I may have missed it, but
15 what is the rebuttal expert rebutting, which one of the three
16 experts from the defense?
17  MR. MADDEN: The accounting expert, Your Honor. It's
18 the Professor --
19   (Indiscernible crosstalk.)
20  THE COURT: The one that Mr. Poulos largely agrees
21 with your expert?
22  MR. MADDEN: Yes, yes, that one.
23  THE COURT: Okay. All right. Fair enough.
24 All right. I know you have -- already have a schedule for
25 filing the Santiago proffer and 404(b) notices.

1 Are you thinking you're going to be putting in any
2 404(b) evidence, Mr. Madden?
3 MR. MADDEN: At this point, I doubt it, Your Honor.
4 We'll obviously discuss it internally. In all or nearly all
5 of our evidence we think would go to the charged scheme, but
6 we will think through whether or not we should file any 404(b)
7 motions. But as of now, I doubt that we will.
8 THE COURT: All right. And I know you don't have to
9 disclose a witness or exhibit list until December, but how
10 many witnesses are you thinking you're calling at this point?
11 MR. MADDEN: I'd say between 30 and 40, Your Honor.
12 THE COURT: Okay. And logistically I'm going to
13 check with the clerk's office and with the Chief Judge, but
14 where we try this is up in the air. I'm hopeful we can fit
15 three defendants in my courtroom with the COVID restrictions
16 in place. Hopefully things don't get worse.
17 The ceremonial courtroom is heavily sought after now
18 because it's going to -- being used by a number of different
19 judges for large trials with usually three or four defendants,
20 but often they're incarcerated, so my hope is we can fit
21 everyone in my courtroom, or at least in Judge Pallmeyer's
22 courtroom, but the -- that's all I can tell you at this point.
23 I'll keep you posted where all -- all the judges are
24 bidding for various courtrooms to try and conduct a trial and
25 multiple-defendant trials often have to be tried in the

courtrooms that are different than the ones that we -- that I sit in normally, but that is just a -- it's not really a warning, but just a recognition that it may very well not take place in my courtroom, it may be in another court in the building, but they all work the same way.

    Okay.  Anything else from the government?

    MR. MADDEN:  No, Your Honor.

    THE COURT:  Anything else from defense?

    MR. POULOS:  No, Your Honor.

    MS. DING:  No, Your Honor.

    MR. LOWDER:  No, Your Honor.

    THE COURT:  All right.  Then let's set another status in 45 days just to make sure we're on track.  We'll do it again at noon.  Let's make it 60 days, Emily, unless -- you all know, of course, if something comes up in the meantime, you can contact my courtroom deputy and we'll get you on the phone within a day or two, but why don't we do a 60-day status.

    THE CLERK:  Okay.  Judge, just looking for a date there.  Just give me one moment, please.

    THE COURT:  Pardon me?

    THE CLERK:  Sorry; I'm having some technical difficulties with my calendar.

    THE COURT:  What we'll do if you can't get your computer up on that, we'll just set a date by minute order in

1  60 days. We'll likely make it around noon again to help the
2  folks on the West Coast so we're not very early and I may very
3  well be on trial when we have the next one that'll necessitate
4  doing it over the lunch hour.
5      But are you in a position to give a date, Emily?
6  Otherwise, we'll put it in a minute order later today.
7          THE CLERK: Yeah, I can give a date now.
8          THE COURT: Okay.
9          THE CLERK: We can do August 22nd at noon.
10         THE COURT: Let's make it a little bit later than
11 that because by then we'll have the opening *Daubert* motions
12 and I'll at least have skimmed them and if there's anything I
13 want to know about them, I can ask questions, so maybe a week
14 after that.
15         THE CLERK: Sure. We can do August -- actually,
16 August 30th at noon.
17         THE COURT: How's that work for the government?
18         MR. MADDEN: Your Honor, this is Mr. Madden.
19     I'm probably going to be on trial that week, but I'll
20 probably have a lunch break, so I think I can do it if it's at
21 noon.
22         THE COURT: How's that work for defense counsel?
23 First, for Defendant Shah.
24         MS. DING: That works.
25         THE COURT: And Defendant Agarwal?

1  MR. LOWDER:  That works for Defendant Agarwal.
2  THE COURT:  And Defendant Purdy?
3  MR. POULOS:  That's fine, Your Honor.  Thank you.
4  THE COURT:  Mr. Madden, if you need to move the time
5 a little bit to accommodate whatever the schedule it is that
6 you are set with that judge, contact other parties and my
7 courtroom deputy and we can move it around a little bit
8 timewise.
9  MR. MADDEN:  Thank you, Your Honor.
10  THE COURT:  Okay.  Thank you all.
11  (Proceedings concluded at 12:13 p.m.)
12              CERTIFICATE
13  I certify that the foregoing is a correct transcript from
14 the record of proceedings in the above-entitled matter.
15 */s/ Elia E. Carrión*          *6th day of July, 2022*
16 *Elia E. Carrión*                      *Date*
   *Official Court Reporter*
17
18
19
20
21
22
23
24
25