UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RISHI SHAH,<br>SHRADHA AGARWAL, and<br>BRAD PURDY | No. 19 CR 864<br><br>Hon. Thomas M. Durkin<br>United States District Judge |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S PROPOSED LIMITING INSTRUCTIONS**

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and GLENN S. LEON, Chief of the Fraud Section of the Criminal Division, U.S. Department of Justice, respectfully respond to defendants' proposed limiting instructions (ECF No. 336). As further detailed below, the government generally objects to defendants' request that their proposed limiting instructions be given at the outset of trial, before the Court has ruled whether any statement or exhibit is admissible only for a limited purpose, or against a specific defendant or subset of defendants.

Respectfully submitted,

MORRIS PASQUAL
Attorney for the United States Acting under Authority Conferred by 28 U.S.C. § 515

By:  *s/ Saurish Appleby-Bhattacharjee*
Matthew F. Madden
Saurish Appleby-Bhattacharjee
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 469–6045

|  |  |
|---|---|
|  | GLENN S. LEON<br>Chief, Fraud Section<br>Criminal Division<br>U.S. Department of Justice |
| By: | *s/ William E. Johnston*<br>William E. Johnston<br>Kyle C. Hankey<br>Assistant Chiefs<br>1400 New York Ave NW |
| Dated: January 23, 2022 | Washington, D.C. 20530 |

**Government's Objection to Limiting Instruction re Co-Schemer Statements**

The government objects to defendants' proposed limiting instruction regarding co-schemer statements as: (1) cumulative of other jointly proposed instructions; and (2) an incorrect statement of the applicable law.

Paragraph 1 is cumulative of Joint Proposed Preliminary Instruction Nos. 14 and 15 (ECF No. 334) and Joint Proposed Final Instruction Nos. 22 and 23 (ECF No. 303), which are based on Seventh Circuit Pattern Instruction Nos. 4.06 and 4.07.

The remaining paragraphs of the proposed limiting instruction attempt to import substantive conspiracy law concepts into this case, which has no conspiracy charge. Defendants cite *United States v. Sturman*, 49 F.3d 1275, 1280 (7th Cir. 1995), for the proposition that a defendant's knowing participation in a *conspiracy* "must be proved with evidence of the defendant's own words and actions." A "conspiracy" is "an agreement among two or more persons to engage in a criminal act." *United States v. Jackson*, 546 F.3d 801, 809 (7th Cir. 2008); *see also* Seventh Circuit Pattern Crim. Instruction, § 5.09 (2022 ed.) ("A 'conspiracy' is an express or implied agreement between two or more persons to commit a crime.") "Establishing the offense of mail fraud entails proof that the defendant participated in a scheme to defraud involving one or more material misrepresentations, that she acted with the intent to defraud, and that the mails were used in furtherance of the scheme." *Jackson*, 546 F.3d at 810. "Proof that a defendant *conspired* to commit mail fraud—an offense distinct from mail fraud itself—demands proof that there was a conspiratorial agreement to commit mail fraud, that the defendant became a member of that conspiracy with the intent

1

to further its aim, and that at least one member of the conspiracy committed an overt act in furtherance of the conspiracy." *Id.* (emphasis in original). Here, the government has not charged any defendant with conspiracy to commit mail, wire, or bank fraud, and the government need not prove a "conspiratorial agreement" between any defendant and another person. *Sturman*'s holding that evidence of a conspiratorial agreement "must be proved with evidence of the defendant's own words and actions" therefore has no application here. 49 F.3d at 1280.

Instead, as set forth in Joint Proposed Preliminary Instruction Nos. 10 and 12, the government must prove—in pertinent part—that defendants knowingly devised or participated in a scheme to defraud, and that they did so with the intent to defraud. As to these elements, defendants contend that the jury must base its decision "only on what each defendant did or said." Yet the pattern instructions state that a "person acts with 'intent to defraud' if he or she acts *knowingly* with the intent to deceive or cheat [the victim] in order to cause a gain of money or property to the defendant or another, or the [potential] loss of money or property to another." Seventh Circuit Pattern Crim. Instruction, at 622 (2022 ed.; emphasis added). And the pattern instructions expressly provide that "[i]n deciding whether the defendant acted knowingly, *you may consider all of the evidence*, including what the defendant did or said." Seventh Circuit Pattern Crim. Instruction, § 4.10 (2022 ed.; emphasis added). Simply put, there is no basis for limiting the jury's inquiry of fraudulent intent and knowledge *only* to each "defendant's own words and actions," particularly where the government has not charged a conspiracy here.

2

Lastly, defendants' proposed limiting instruction misstates the proper use of statements that are admitted at trial under the co-venturer exception in Federal Rule of Evidence 801(d)(2)(E). As the Court acknowledged in its ruling on the government's *Santiago* proffer, "[a]ny statement made by a co-venturer during and in furtherance of the joint venture is admissible against all co-venturers." (ECF 332 at 4 (citing *United States v. Lindemann*, 85 F.3d 1232, 1238 (7th Cir. 1996)). So, regardless whether defendants Shah, Agarwal, Purdy—or any other co-venturer identified in the government's *Santiago* proffer—made a particular statement, if the predicates for admissibility under Rule 801(d)(2)(E) are met, that statement can be used against all defendants, including to determine whether he or she acted knowingly and with the intent to defraud.

To the extent hearsay statements are admissible only on another basis (*e.g.*, as opposing-party admissions against the defendant who made the statement, or as a statement to prove the effect on the listener), narrowly tailored limiting instructions may be applicable for those statements specifically. The government addresses those scenarios in its responses to defendants' remaining proposed limiting instructions.

3

**Government's Response to Remaining Proposed Limiting Instructions**

The government has no objection to the wording of defendants' remaining proposed instructions regarding evidence admitted for a limited purpose or evidence admitted only against one defendant, with three exceptions.

*First*, the government proposes the following modifications to paragraphs 2 and 3 of defendants' proposed limiting instruction regarding evidence admitted for a limited purpose, which better aligns with the formulation set forth in Third Circuit Pattern Criminal Jury Instruction No. 2.11:

> *[As to state of mind evidence: You heard evidence that [name of declarant] [said/wrote] [substance of testimony]. That evidence was admitted only to explain [name of defendant's] state of mind <u>when [name of defendant] [substance of defendant's subsequent conduct/action]</u>. If you choose to do so, you may consider that evidence in determining [name of defendant's] state of mind and the reasonableness of [name of defendant's] actions only. You may not, however, use [name of declarant]'s statement as evidence that [what the declarant stated was true].*
>
> ~~*In addition, if you choose to do so, you may only consider [name of declarant]'s statement as to [name of defendant's] state of mind if [name of defendant] heard or observed the evidence. As such, to determine [name of defendant's] state of mind, you may consider only what [name of defendant] heard or observed and not what [names of the other co-defendants] heard or observed.]*~~

*Second*, for these limiting instructions to apply, the Court must first rule that a particular statement or exhibit is admissible for a limited purpose, or only against a defendant or subset of defendants, following a timely objection. And the government objects to any limiting instructions at the outset of trial, before any evidence has been received and before the Court has made any limited-use rulings. Assuming such rulings occur, the government will negotiate with defense counsel in good faith to

4

agree on the timing of limiting instructions during trial, as well as the wording of a global limiting instruction (if applicable) at the end of trial.

*Third*, as the Court noted in its ruling on the *Santiago* proffer, "most of the statements the government seeks to admit" are independently admissible, including "as statements of a party opponent under Rule 801(d)(2)(A)." (ECF 332 at 5.) Where, as is likely in most—if not all—instances here, a statement is admissible under both the co-venturer exception and another exception to the hearsay rule, the government objects to the use of a limiting instruction.