DECLARATION OF STACY TOLCHIN

I, Stacy Tolchin, hereby declare and state:

1. I am an attorney barred by the State of California and I specialize in complex removal cases.

2. My business address is Law Offices of Stacy Tolchin, 776 E. Green St. Suite 210, Pasadena, CA 91101.

3. I am admitted to practice before the United States Supreme Court; the United States Court of Appeals for the Ninth, Tenth, and Second Circuits; and the United States District Court for the Northern District of California, Eastern District of California, Central District of California, and Southern District of California.

4. I received my Juris Doctorate from the University of California at Los Angeles in 2001, and have been practicing law for over 22 years.

5. I am a recipient of the 2018 of the UCLA School of Law's Alumni Public Service Award, the 2017 recipient of the National Lawyers Guild of Los Angeles' annual award, the American Immigration Lawyers Association's 2009 Jack Wasserman Award for Excellence in Immigration Litigation, the 2009 American Civil Liberties Union of Southern California Equal Justice Advocacy Award, the 2008 National Immigration Law Center Annual Award, the 2007 "Unsung Hero" Award for the National Lawyers Guild of the Bay Area, and was recognized in 2003 by the Arab-American Anti-Discrimination Committee of San Francisco.  I was also named to "Super Lawyers" from 2012-2024.

6. I am a past member of the Board of Directors of the National Immigration Project for the National Lawyers Guild, a member of the National Lawyers Guild, the Los Angeles County Bar Association immigration section, and the American Immigration Lawyers Association, and a former member of the Ninth Circuit Rules Committee.

7. I specialize in immigration removal defense. Cases I have litigated include: Bonilla v. Lynch, 840 F.3d 575, 590 (9th Cir. 2016) (sua sponte reopening removal order for change in law regarding waiver eligibility and granting petition for review); Menendez-Gonzalez v. Holder, No. 11-73554, 2015 WL 1089189 (9th Cir. Mar. 13, 2015) (successful petition for review challenging Board of Immigration Appeals' failure to remove deportation order

1

after conviction was vacated); Mendiola v. Holder, 576 F. App'x 828 (10th Cir. 2014)(petition for review in Tenth Circuit challenging removal of a lawful permanent resident based on change in law); Bains v. Holder, 584 F. App'x 574 (9th Cir. 2014) (petition for review challenging removal order based on changed circumstances arising in India); Duran Gonzales v. U.S. Dep't of Homeland Sec., 712 F.3d 1271 (9th Cir. 2013) (class action litigation involving applications for lawful permanent residency where the applicants had been previously deported); Huerta v. Holder, 484 F. App'x 172 (9th Cir. 2012) (petition for review based on ineffective assistance of counsel); Padilla-Padilla v. Gonzales, 463 F.3d 972 (9th Cir. 2006) (challenge to Board of Immigration Appeals' failure to follow its internal regulations); Silaya v. Mukasey, 524 F.3d 1066 (9th Cir. 2008) (finding that victim of gang-rape in the Philippines had suffered past persecution based on her father's political opinion); Husyev v. Mukasey, 528 F.3d 1172 (9th Cir. 2008) (finding that courts have jurisdiction to review agency's failure to follow asylum regulations); Hassine v. Johnson, 2014 WL 5035173 (E.D.Cal. 2014) (petition for de novo naturalization case and award of attorneys' fees); Zavala v. Ridge, 310 F. Supp. 2d 1071 (N.D. Cal. 2004) (Department of Homeland Security's "automatic stay" regulation that keeps non-citizens in custody while their immigration cases are pending, even after an immigration judge has ordered their release, is facially unconstitutional); Singh v. Still, 470 F.Supp.2d 1064 (N.D. Cal 2007) (successful petition for writ of mandamus challenging Department of Homeland Security's unreasonable delay in the adjudication of applications for permanent residency); Shahwan v. Chertoff, C 05 4218 MMC (N.D. Cal. 2005) (granting petition for writ of habeas corpus where petitioner was not informed when he traveled on "advance parole" that he would be ineligible for a bond hearing before an immigration judge); and Araujo v. INS, 301 F. Supp. 2d 1095 (N.D. Cal. 2004) (Federal Tort Claims Act action finding that the United States government was liable for damages to a non-citizen for unlawful deportation).

8. I was also recognized as an expert in immigration law by the California Supreme Court in People v. Patterson, 2 Cal. 5th 885, 891, 391 P.3d 1169, 1173 (2017), in which the Court established that the standard advisements made by the trial court under Penal Code § 1016.5 do not bar the withdrawal of a plea due to ineffective assistance of trial counsel and the failure to properly consider the immigration consequences of a plea.

9. I am familiar with Shradha Agarwal's criminal and immigration cases. My understanding is that she was convicted of mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and bank fraud, 18 U.S.C. § 1344.. I also understand that the monetary loss for these violations will be in excess of $10,000 for each count.

10. Ms. Agarwal is a lawful permanent resident. As a lawful permanent resident, she is subject to mandatory removal from the United States for any conviction that is an "aggravated felony" offense. 8 U.S.C.§ 1227(a)(2)(A)(iii). A conviction for an offense involving fraud or deceit, in excess of $10,000 is an aggravated felony offense. 8 U.S.C. § 1101(a)(43)(M)(i).

11. In my experience, an ICE detainer will be placed upon Ms. Agarwal when she enters the Bureau of Prisons.

12. There is no foreseeable reason that the ICE detainer would be lifted.

13. Ms. Agarwal will also be subject to mandatory custody while her removal case is pending. She will not be able to be released on bond pending removal. 8 U.S.C. § 1226(c).

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 27, 2024 at Pasadena, CA.

_____
Stacy Tolchin