IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RISHI SHAH, et al.,<br><br>　　　　Defendants,<br><br>and<br><br>JUMPSTART VENTURES, LLC,<br>JUMPSTART VENTURES II, LLC and<br>GRAVITAS HOLDINGS, LLC,<br><br>　　　　Third-Party Petitioners,<br><br>　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 19 CR 864<br>Judge Thomas M. Durkin |

## **THIRD-PARTY PETITION FOR RELIEF FROM FORFEITURE**

　　　　Petitioners Jumpstart Ventures, LLC, ("Jumpstart") Jumpstart Ventures II, LLC ("Jumpstart II") and Gravitas Holdings, LLC ("Gravitas") petition this Court, pursuant to Title 21, United States Code, Section 853(n) and Federal Rule of Criminal Procedure 32.2(c), to amend its Preliminary Order of Forfeiture and vacate any such order with respect to particular property in order to recognize Petitioners' right, title, and interest in that same property. In support of the Petition, Petitioners state the following:

1

## Procedural History

1.  On June 18, 2024, the United States filed its Amended Motion for Preliminary Order of Forfeiture (Doc. #759) (the "Motion").

2.  The Motion sought, among other things, the forfeiture of certain property alleged to be the property of Defendant Rishi Shah and which it therefore claimed was subject to forfeiture as "substitute" property under 21 U.S.C. § 853(p), despite the fact that such property was not acquired with or otherwise traceable to criminal proceeds (the "Substitute Property").

3.  The Motion also sought the forfeiture of alleged "appreciation" on property the Government claimed to be "directly forfeitable."

4.  The Court granted the Motion the same day. *See* Amended Preliminary Order of Forfeiture (Doc. #763) (the "Amended Order").

5.  The Motion reflected that Defendant Shah "preserves his earlier objections to the entry of the original preliminary order of forfeiture, which the Court addressed in its prior order (Doc. #580)." Mot. (Doc. #759) at 4.

## The Substitute Property

6.  In that prior order (Doc. #580), the Court rejected Defendant Shah's argument that the Substitute Property was not subject to forfeiture under 21 U.S.C. § 853(p) because it was not "property of the defendant" as specified by 21 U.S.C. § 853(p)(2), but instead the property of one or more of the Petitioners, which are separate and distinct legal entities from Defendant Shah. In addressing that contention, the Court held as follows:

> Lastly, Shah argues that the majority of the assets the government seeks to forfeit as substitute property are not "property of the defendant" but instead property of legal entities such as Gravitas, Jumpstart Ventures, LLC, or Jumpstart Ventures II, LLC. But Shah concedes that he has an interest in these entities, and puts form over substance. And as discussed previously, Rule 32.2 requires the court to enter a preliminary order of forfeiture

2

> "without regard to any third party's interest in the property." ***The determination of any third party interests in forfeitable property is deferred until a third party files a claim in an ancillary proceeding.*** As such, the government has also satisfied the criteria in section 853(p)(2).

Order (Doc. #580) at 27–28 (emphasis added) (citations omitted).

7. In light of the Court's holding, Petitioners hereby file their claim to the Substitute Property and petition the Court to recognize their interests in the Substitute Property.

8. Because the Substitute Property is not "property of the defendant," 21 U.S.C. § 853(p)(2), it is not subject to forfeiture as substitute property and must be excluded from this Court's final order of forfeiture.

9. Petitioners further adopt and renew, as is fully set forth herein, each of the arguments previously made by Mr. Shah in opposition to the Court's entry of its original Preliminary Order of Forfeiture. *See* Mem. in Opp. (Doc. #511).

10. For these reasons, Petitioners respectfully request that this Court vacate the Amended Order (Doc. #763) with respect to the Substitute Property and order the Substitute Property specified below returned to Petitioners, as its rightful owners.

11. Pursuant to 21 U.S.C. § 853(n)(2), Petitioners assert a "legal interest" in each of the following items of Substitute Property, as reflected in Exhibit B to the Amended Order (Doc. #763):[1]

i. All right, title, and interest in 7Wire Ventures Fund, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title,

---

[1] For ease of reference and throughout this Petition, Petitioners preserve the lettering used to list the items referenced in Exhibits A and B to the Amended Preliminary Order of Forfeiture (Doc. #763). Petitioners do not concede that the descriptions used by the Government to identify the Substitute Property are accurate, but they nonetheless use those descriptions where appropriate, again for ease of reference. Petitioners have, however, removed any reference to any interest held by Defendant Rishi Shah personally in the Substitute Property. Petitioners do not believe any such interest exists, but they do not claim any personal interest of Defendant Shah's as their own.

3

   and interest in excess of the $60,000 and $280,000 in capital contributions identified by the Government (plus any appreciation) directly forfeitable;

ii. All right, title, and interest in Eight Partners VC Fund I, LP, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $15,000 and $175,000 in capital contributions (plus any appreciation) directly forfeitable;

iii. All right, title, and interest in Guild Capital and investments made by Guild Capital, held by or in the name of Gravitas Holdings, LLC or Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $475,000 and $75,000 in capital contributions (plus any appreciation) directly forfeitable;

iv. All right, title, and interest in Healthx Ventures Fund held by or in the name of Gravitas Holdings, LLC, or Jumpstart Ventures II LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $12,000 and $22,000 in capital contributions (plus any appreciation) directly forfeitable;

v. All right, title, and interest in Institutional Venture Partners XVI, LP, and in Institutional Venture Partners XV, LP, held by or in the name of Gravitas Holdings, LLC, or Jumpstart Ventures II LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $1,800,00000, $80,000 and $200,000 in capital contributions (plus any appreciation) directly forfeitable;

vi. All right, title, and interest in L Squared Capital Management, LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $303,045.00 in capital contributions (plus any appreciation) directly forfeitable;

vii. All right, title, and interest in L Squared Capital Partners II, LLC and L Squared Capital Partners II, LLC – Series Oracle, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $2,235,621.00 in capital contributions (plus any appreciation) directly forfeitable;

viii. All right, title, and interest in Leerink Transformation Partners – LTD BHE LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $319,489.00 in capital contributions (plus any appreciation) directly forfeitable;

ix. All right, title, and interest in Monarch Capital Partners IV, LP, held by or in the name of Gravitas Holdings, LLC, plus any appreciation on such right, title and interest, less the right, title, and interest acquired by or equivalent to $1,526,821.96 in capital contributions (plus any appreciation) directly forfeitable;

x. All right, title, and interest in Swipesense, Inc., converted into interests in SC Johnson, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, less the 60,053 shares of Series A2 Preferred Stock directly forfeitable, less the 90,425 shares of Series B3 Preferred Stock directly forfeitable, less the 252,045 shares of Series B4 Preferred Stock directly forfeitable, and less the 361,702 shares of Series B Preferred stock, converted into interest in SC Johnson, (plus any appreciation) directly forfeitable;

xi. All right, title, and interest in Account XAZ006290 and all linked accounts at Pershing, LLC, held in the name of Gravitas Holdings, LLC, including, but not limited to, Accounts XEJ006076, XEJ006159, XEJ003123, XA6063129, XEJ007090, and XEJ007108, plus any appreciation on such right, title and interest, less the $7,461,413.17 (plus any appreciation) directly forfeitable;

xii. All right, title, and interest in Boom Train, currently known as Zeta Global Holdings Corp, held by or on behalf of Gravitas Holdings, LLC, and Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $18,161 in capital contributions (plus any appreciation) directly forfeitable;

xiii. All right, title, and interest in I2A Fund II LLC, held by or in the name of Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $1,000,000 in capital contributions (plus any appreciation) directly forfeitable;

xiv. All right, title, and interest in Chicago Ventures Founders Fund LP, held by or in the name of Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $100,000 in capital contributions (plus any appreciation) directly forfeitable;

xv. All right, title, and interest in Diversified 321 N Clark, LLC, held by or in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $200,000 in capital contributions (plus any appreciation) directly forfeitable;

xvi. All right, title, and interest in Greatpoint Ventures Innovation Fund, LP, held by or in the name of Jumpstart Ventures II, LLC, including 340 shares of Beyond Meat, which were held in a Merrill Lynch account, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $158,879.00 in capital contributions and 209 shares of Beyond Meat (plus any appreciation) directly forfeitable;

xvii. All right, title, and interest in MATH Venture Partners, LP, held in the name of Jumpstart Ventures LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $45,000 in capital contributions (plus appreciation) directly forfeitable;

xviii. All right, title and interest in Corazon Capital II, LLC, held in the name of Jumpstart

5

        Ventures II, LLC, plus any appreciation on that right, title and interest, less the right, title and interest that was acquired by or exchanged for $50,000 in capital contributions (plus any appreciation) directly forfeitable;

xix.    All right, title and interest in Impact Engine IV, LLC, held in the name of Gravitas Holdings, LLC, and Jumpstart Ventures II LLC, plus any appreciation on that right, title and interest, less the right, title and interest that was acquired by or exchanged for $35,000 in capital contributions (plus any appreciation) directly forfeitable; and

xx.    [not claimed];[2] and

xxi.    All right, title and interest in Institutional Venture Partners XV, LP held in the name of Jumpstart Ventures, LLC and/or Gravitas Holdings, LLC, plus any appreciation on that right, title and interest, less the right, title, and interest acquired by or equivalent to $40,000 in capital contributions (plus any appreciation) directly forfeitable.

### Value in Excess of Criminal Proceeds

12.    The Court's prior order (Doc. #580) also rejected Mr. Shah's argument that the Government's forfeiture authority was limited to the value of the traceable criminal proceeds themselves, which by definition would exclude any alleged "appreciation" on such criminal proceeds. *See* Order (Doc. #580) at 23–24.

13.    Petitioners adopt and renew, as if fully set forth herein, Mr. Shah's arguments that any alleged "appreciation" on any criminal proceeds is not subject to forfeiture as traceable property (nor, for reasons described above, as substitute property), along with all other arguments set forth in his opposition to the original Preliminary Order of Forfeiture. *See* Mem. in Opp. (Doc. #511) at 16.

14.    Petitioners assert their right, title, and interest in all property in the Amended Order (Doc. #580) to the extent that the value of such property exceeds the amount of criminal proceeds that the Government demonstrates is traceable to each item of property (the "Excess Value").

---

    [2] Petitioners do not assert an interest in the property described as "all right, title and interest in $1.5 million in funds held in a client trust account at the Bryan Cave Leighton Paisner law firm for credit to RISHI SHAH." *See* Order (Doc. #763) at 3.

15. For these reasons, Petitioners respectfully request that this Court vacate the Amended Order (Doc. #763) with respect to any "appreciation" claimed by the Government and any other property whose value exceeds the amount the Government demonstrates is traceable to criminal proceeds, and that it order the Excess Value specified below returned to Petitioners, its rightful owners.

16. Pursuant to 21 U.S.C. § 853(n)(2), Petitioners asserts a "legal interest" in each of the following items of property to the extent of their Excess Value, as reflected in Exhibit A to the Amended Order (Doc. #763):

(a) All right, title and interest in 7Wire Ventures Fund LP, regardless of whether such interest is held in cash, stock or otherwise, held in the name of Jumpstart Ventures II, LLC that was acquired by or exchanged for $280,000 in capital contributions submitted on or around January 5, 2017, and $60,000 in capital contributions submitted on or around May 31, 2018, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(b) [not claimed];[3]

(c) All right, title and interest in AP 100 W Huron Investors, LLC, or any successor entity, held in the name of Gravitas Holdings, LLC, that was 17.747958% of 100 W Huron Investors, LLC on or about October 10, 2017, acquired by $2,537,695 from Gravitas Holdings, LLC and RISHI SHAH, on or about that same date, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(d) All right, title and interest in Eight Partners VC Fund I, LP held in the name of Jumpstart Ventures II, LLC, that was acquired by or exchanged for $175,000 in capital contributions submitted between approximately July 15, 2016 and June 14, 2017, and $15,000 in capital contributions submitted on or about April 24, 2018, plus any appreciation on such right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(e) All right, title and interest in Guild Capital and investments made by Guild Capital, held in the name of or for the benefit of Gravitas Holdings, LLC and Jumpstart Ventures II, LLC, that were acquired by or exchanged for $75,000 in capital contributions submitted on or

---

[3] Petitioners do not claim an interest in the real property known as 924 N Clark Avenue, Chicago, Illinois.

about August 12, 2016, and $475,000 in capital contributions submitted between approximately August 1, 2017, and November 27, 2018, plus any appreciation on such right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(f) All right, title and interest in Healthx Ventures Fund, held in the name of Jumpstart Ventures II LLC, Gravitas Holdings, LLC, and RISHI SHAH that was acquired by or exchanged for $22,000 in capital contributions submitted on or about October 27, 2016, and $12,000 in capital contributions submitted on or about May 2, 2018, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(g) All right, title and interest in Institutional Venture Partners XVI, LP, and in Institutional Venture Partners XV, LP, held in the name of Gravitas Holdings, LLC and Jumpstart Ventures II LLC, that was acquired by or exchanged for $80,000 in capital contributions submitted on or around January 5, 2017, and $1,800,000 in capital contributions submitted between approximately March 2, 2018, and July 9, 2019, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(h) All right, title and interest in L Squared Capital Management, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $35,000 in capital contributions submitted on or around January 5, 2017, and $303,045 in capital contributions submitted between approximately September 27, 2017, and July 17, 2019, plus any appreciation on such right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;;

(i) All right, title and interest in L Squared Capital Partners II, LLC, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,235,621 in capital contributions submitted between approximately June 2, 2017, and July 18, 2017, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(j) All right, title and interest in Leerink Transformation Fund I, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,980,631 in capital contributions submitted between July 28, 2017, and July 1, 2019, plus any appreciation on that right, title and interest, including $3,642,189 seized by the government on or about September 30, 2021, currently held in a United States Marshals Service escrow account, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(k) All right, title and interest in Leerink Transformation Partners, LTP BHE LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $319,489 in

8

       capital contributions submitted on or about June 28, 2019, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(l)     All right, title and interest in Monarch Capital Partners IV, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $1,526,821.96 in capital contributions submitted between approximately May 9, 2019, and July 25, 2019, plus any appreciation on that right, title and interest, including $1,223,066.35 currently held in a United States Marshals Service escrow account, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(m)    All right, title and interest in approximately 60,053 shares of Series A2 Preferred Stock of Swipesense, which were converted into interest in SC Johnson, held in the name of Jumpstart Ventures II, LLC; 90,425 shares of Series B3 Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC,; 252,045 shares of Series B4 Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC; and 361,702 shares of Series B Preferred Stock of Swipesense, converted into interest in SC Johnson, held in the name of Gravitas Holdings, LLC and Jumpstart Ventures II, LLC, plus any appreciation on such right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(n)     All right, title and interest in Valor Equity Partners IV, LP, held in the name of Gravitas Holdings, LLC, that was acquired by or exchanged for $2,222,238 in capital contributions submitted on or about August 14, 2017, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(o)     $7,461,413.17 in Account XAZ006290 and all linked accounts at Pershing, LLC, held in the name of Gravitas Holdings, LLC, including, but not limited to, Accounts XEJ006076, XEJ006159, XEJ003123, XA6063129, XEJ007090, and XEJ007108, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(p)     All right, title and interest in approximately 3,291 shares of common stock of Instructure, Inc., held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(q)     All right, title and interest in Boom Train, currently known as Zeta Global Holdings Corp, held in the name of Gravitas Holdings, LLC, Jumpstart Ventures II LLC, and RISHI SHAH that was acquired by or exchanged for $18,161 in capital contributions on or about January 5, 2017, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(r)      All right, title and interest in I2A Ventures SPV held in the name of Jumpstart Ventures II, LLC that was acquired by, or exchanged for $1,000,000 in capital contributions submitted on or about May 9, 2016, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(s)      All right, title and ownership in Chicago Ventures Founders Fund LP held in the name of Jumpstart Ventures II, LLC that was acquired by, or exchanged for $100,000 in capital contributions submitted on or about June 28, 2016, plus any appreciation on that right, title and interest, including $329,933.80 currently held in a United States Marshals Service escrow account, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(t)      All right, title, and interest in Diversified 321 N Clark, LLC, held by or in the name of Jumpstart Ventures II, LLC, that was acquired by, or exchanged for $200,000 in capital contributions submitted on or about August 8, 2016, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(u)      All right, title and interest in Greatpoint Ventures Innovation Fund, LP, held in the name of Jumpstart Ventures II LLC, that was acquired by or exchanged for $158,879 in capital contributions submitted between approximately August 8, 2016, and April 28, 2017, including 209 shares (38% of 549 shares) of Beyond Meat held in the name of Jumpstart Ventures II LLC, which were held in a Merrill Lynch account, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(v)      All right, title and interest in MATH Venture Partners, LP held in the name of Jumpstart Ventures LLC, that was acquired by or exchanged for $45,000 in capital contributions submitted on or about October 11, 2016, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(w)      All right, title and interest in approximately 250,454 shares of Series Preferred AA stock of Silvervue, Inc., and 751,362 shares of common stock of Silvervue, Inc., held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(x)      All right, title and interest in approximately 705,417 shares of Wisercare that was acquired by or exchanged for $250,000 on or about August 5, 2016, held in the name of Jumpstart Ventures II, LLC, plus any appreciation on that right, title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(y)      Funds in the amount of $6,500,000 turned over to the government by Quinn Emanuel Urquhart & Sullivan LLP on or about July 7, 2020, currently held in a United States Marshals Service escrow account, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(z)      All right, title and interest in Corazon Capital II, LP, held in the name of Jumpstart Ventures II, LLC that was acquired by or exchanged for $50,000 in capital contributions submitted on or about January 5, 2017, plus any appreciation on that right, title and interest, including $38,923.25 currently held in a United States Marshals Service escrow account, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds;

(aa)      All right, title and interest in Impact Engine IV, LLC, held in the name of Rishi Shah, Shradha Agarwal, Brad Purdy, Gravitas Holdings, LLC, and Jumpstart Ventures LLC, that was acquired or exchanged for $35,000 in capital contributions, plus any appreciation on that right title and interest, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds; and

(bb)      All right, title and interest in Institutional Venture Partners XV, LP held in the name of Jumpstart Ventures, LLC and/or Gravitas Holdings, LLC, that was acquired by, or exchanged for $40,000 in capital contributions submitted on or about July 15, 2016, plus any appreciation on those funds, **to the extent** that the value of such property is **in excess of** the amount demonstrated by the Government to be traceable to criminal proceeds.

**Basis for Petitioners' Claims**

17.      The nature and extent of Petitioners' right, title, and interest in the Substitute Property and the Excess Value and the time and circumstances of Petitioners' acquisition thereof, *see* 21 U.S.C. § 853(n)(3), is described as follows:

- Petitioners are the original owners of the Substitute Property and Excess Value described above, and they own the entirety of all such right, title, and interest.

- Petitioners initially acquired their right, title, and interest in the Substitute Property at the time they contracted to obtain that same right, title, and interest from each of the identified entities (e.g., 7Wire Ventures Fund, Guild Capital, etc.), which was generally accomplished through a subscription agreement. Petitioners' interests in the Substitute Property were generally acquired in exchange for a promise to make certain capital contributions to the identified entities over time, along with, in some cases, an initial capital contribution. Petitioners' interests in the Substitute Property were generally acquired prior to April 2016, the earliest date upon which the Government claims that traceable criminal proceeds were generated.

11

- Petitioners acquired their right, title, and interest in the Excess Value at the time such Excess Value was generated by the portfolio company into which the investment was made.

18. These facts together establish that Petitioners have a legal right, title, and interest in the Substitute Property and the Excess Value that renders the order of forfeiture invalid in part and requires the Court to amend the Amended Order (Doc. #763) to exclude Petitioners' legal interests in the Substitute Property and the Excess Value from forfeiture.

19. Pursuant to 21 U.S.C. § 853(n)(6)(A), Petitioners have a legal right, title, and interest in the Substitute Property and the Excess Value that was vested in Petitioners rather than Defendant Rishi Shah and is superior to any right, title, and interest that Defendant Rishi Shah might claim in the Substitute Property or the Excess Value.

20. Pursuant to 21 U.S.C. § 853(n)(6)(B), Petitioners were bona fide purchasers for value of their right, title, and interest in the Substitute Property and the Excess value and were at the time of their acquisition of such right reasonably without cause to believe that the property was derived from criminal activity.

21. Recognizing Petitioners' rights to the Substitute Property and the Excess Value is necessary to avoid violating their constitutional rights to due process and against uncompensated takings under the Fifth Amendment. *See United States v. Daugerdas*, 892 F.3d 545, 557 (2d Cir. 2018) ("It is unconstitutional for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").

22. The attached verification contains Petitioners' declarations, under penalty of perjury, that the facts recited within this Petition are true and correct to the best of Petitioners' knowledge, information, and belief.

WHEREFORE Petitioners pray that the Court:

(a) vacate the Amended Order (Doc. #447) with respect to the Substitute Property and the Excess Value;

(b) exclude those same items from any final order of forfeiture this Court may issue; and

(c) order the Government to return those same items to Petitioners forthwith.

Dated: July 18, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
richard.finneran@bryancave.com

*Attorneys for Third-Party Petitioners Jumpstart Ventures, LLC, Jumpstart Ventures II, LLC, and Gravitas Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, the undersigned Petitioner, hereby declare under penalty of perjury that the facts recited in the foregoing Petition are true and correct to the best of my knowledge, information, and belief.

_____
JUMPSTART VENTURES, LLC,
Petitioner
By: Rishi Shah

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, the undersigned Petitioner, hereby declare under penalty of perjury that the facts recited in the foregoing Petition are true and correct to the best of my knowledge, information, and belief.

JUMPSTART VENTURES II, LLC,
Petitioner
By: Rishi Shah

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, the undersigned Petitioner, hereby declare under penalty of perjury that the facts recited in the foregoing Petition are true and correct to the best of my knowledge, information, and belief.

GRAVITAS HOLDINGS, LLC,
Petitioner
By: Rishi Shah