IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>RISHI SHAH, et al.,<br><br>      Defendants,<br><br>and<br><br>JUMPSTART VENTURES, LLC,<br>JUMPSTART VENTURES II, LLC and<br>GRAVITAS HOLDINGS, LLC,<br><br>      Third-Party Petitioners,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No. 19 CR 864<br>Judge Thomas M. Durkin |

## MEMORANDUM IN SUPPORT OF
## <u>THIRD-PARTY PETITION FOR RELIEF FROM FORFEITURE</u>

With only a couple exceptions, all of the property listed in the Court's Amended Preliminary Order of Forfeiture (Doc. #736) (the "Amended Order") is, by the Government's own description, the property of Petitioners Jumpstart Ventures, LLC ("Jumpstart"), Jumpstart Ventures II, LLC ("Jumpstart II"), and Gravitas Holdings, LLC ("Gravitas") (together "Petitioners"). But Petitioners are not defendants in the above-captioned action and have not, until now, had any opportunity to contest the forfeiture of their property in this case. That simple fact presents a substantial obstacle to the Government's efforts to consummate the forfeiture of Petitioners' property in this case. With respect to the property that the Government seeks to forfeit

as "substitute" property of Mr. Shah's, it bars the forfeiture altogether—because the property it seeks to forfeit is not, as the Government claims, the "property of the defendant"; it is the property of Petitioners. *See infra* § I. With respect, meanwhile, to the property the Government claims is traceable to criminal proceeds, the Government cannot forfeit such property unless it first satisfies due process by giving Petitioners an opportunity to challenge each of the factual and legal determinations underlying the Government's forfeiture theory—including the claim that such assets are traceable to criminal activity. *See infra* § II. Thus, unless and until the Government establishes, with adequate procedural safeguards to protect the rights of the Petitioners, both that a crime has been committed and that the property in question is traceable to the proceeds of that crime, not even the property the Government claims is "directly forfeitable" can be taken from Petitioners. Instead, this Court should amend the Amended Order to remove any and all property of Petitioners' and order the return of all such property to Petitioners forthwith.

Although Petitioners set forth their principal arguments in opposition to the Amended Order below, they hereby incorporate by reference as if fully set forth herein Mr. Shah's arguments in opposition to the preliminary order of forfeiture. *See* Mem. (Doc. #511).

## DISCUSSION

### I. The Government Has Failed to Establish That the Property at Issue Is the "Property of the Defendant"

In addition to the elements of § 853(p)(1), the Government bears the burden of proof, by a preponderance of the evidence, to establish, prior to the forfeiture of any substitute property, that the property it seeks to forfeit is the "property of the defendant." 21 U.S.C. § 853(p)(2); *United States v. Patel,* 131 F.3d 1195, 1200 (7th Cir. 1997) (holding that it is the government's burden to establish the right to forfeit property by a preponderance of the evidence). The Government simply cannot carry that burden here.

The vast majority of assets listed in the Amended Order (Doc. #763) are assets held by Petitioners, none of which are defendants in this matter. Although Mr. Shah holds a membership interest in Petitioners, that does not make the property of Petitioners' Mr. Shah's property. That is because, under black letter law, members of an LLC have no ownership interest in the assets held by the LLC. *See* 805 Ill. Comp. Stat. 180/30-1 ("A member [of an LLC] is not a co-owner of, and has no transferable interest in, property of a limited liability company."); *see Peabody-Waterside Development, LLC v. Islands of Waterside, LLC,* 995 N.E.2d 1021, 1024 (Ill. App. Ct. 2013) (recognizing that "an LLC member owns only its membership interest in the LLC," which is why "a creditor of an LLC member cannot seize LLC property to satisfy that member's debt").

The Government attempts to equate Mr. Shah's ownership interest in the corporate entities of Petitioners with owning the ***assets*** of those entities. But as the Court well knows, limited liability companies are distinct legal entities separate from their members. *Peabody-Waterside Development, LLC.,* 995 N.E.2d at 1024; *Flores v. Westmont Eng'g Co.,* 183 N.E.3d 188, 197 (Ill. App. Ct. 2021) (holding that a limited liability company is a "legal entity distinct from its members" and has its "own legal rights and obligations."). None of the Petitioners is a defendant in this case, nor have the Petitioners been accused of any criminal wrongdoing. The assets listed in the Amended Order (Doc. #763) are assets owned and controlled by Petitioners, each of which is a distinct legal entity from its members, including Mr. Shah.

While the Government asks this Court to overlook the obvious distinction between an LLC and its members for the purpose of collecting on its forfeiture money judgement, the plain language of § 853(p)(2) does not permit such an approach. It is the Government's burden to establish that the assets it is attempting to forfeit are those ***of the defendant***, not the property of an entity in

which the defendant happens to hold an interest. Under these facts, the Government simply cannot satisfy the requirements of § 853(p)(2).

## II. This Court Cannot Constitutionally Order the Forfeiture the Property of Third Parties Such as Petitioners Without First Providing Them an Opportunity to Be Heard on Each and Every Issue Supporting Forfeiture of Their Property

Criminal forfeiture is *in personam*, and, thus, forfeiture is limited to "only the criminal defendant's interest in the property." *United States v. Totaro,* 345 F.3d 989, 993 (8th Cir. 2003)*,* (citing *United States v. Ginsburg,* 773 F.2d 798, 800-01 (7th Cir. 1985)). As a result, the Government's ability to forfeit property is explicitly limited to that "of the defendant." 21 U.S.C. § 853(p)(2). It is therefore impermissible for the Court to order forfeiture of property that is not the defendant's (i.e. that of a third party) under both the Fifth Amendment's guarantee of due process and an aggrieved party's rights under the Takings Clause. *See Pacheco v. Serendensky,* 393 F.3d 348, 355 (2d Cir. 2004) (citing *Totaro,* 345 F.3d at 999). Thus, this Court must "engage in a factual analysis to determine the precise boundaries of the legal right, title or interest asserted by [a] third party and save it from [improper] forfeiture." *Totaro,* 345 F.3d at 997.

Corporate entities, including LLCs, maintain their own legal rights and obligations separate from those of their members. *Spitz v. Proven Winners North America, LLC,* 759 F.3d 724, 730 (7th Cir. 2014) (*citing Peabody-Waterside Dev., LLC, v. Islands of Waterside, LLC,* 995 N.E.2d 1021, 1024 (Ill. App. Ct. 2013)). And it is the district court's role to determine exactly what property belongs to the defendant and ensure that only the defendant's property is forfeited. *Totaro,* 345 F.3d at 997. Any forfeiture of property not belonging to the defendant would "punish the third party, against whom no jury has returned a guilty verdict[.]" *Id.*

In this case, as described above, the majority of the property the Government seeks to forfeit belongs to the Petitioners, not Mr. Shah. The Petitioners are distinct legal persons, with their own rights, property, and interests that are separate from that of any of their members,

including Mr. Shah. Petitioners are entitled to due process and the ability to defend against the attempted forfeiture of their property. *See United States v. Daugerdas*, 892 F.3d 545, 557 (2d Cir. 2018) ("It is unconstitutional for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").

## CONCLUSION

While the Government would like to treat Mr. Shah and Petitioners as one and the same, Petitioners are distinct legal entities with separate rights and assets from Mr. Shah. Mr. Shah's partial ownership of an LLC does not collapse any distinction between himself and the identity of the Petitioners as their own separate legal entities. If Congress had meant to permit the forfeiture of the interests of such third parties without due process, it could have said so. Instead, it limited the forfeiture of substitute property in a criminal case to the "property of the defendant." The Government's attempt to disregard the plain language of § 853(p)(2) cannot be tolerated. It is the Government's sole burden to establish that the assets it is attempting to forfeit are those of Mr. Shah, and it simply cannot carry that burden here.

Since the Government cannot comply with the requirements of § 853(p)(2), Petitioners respectfully request that the Court recognize the Petitioners' rights to the assets listed in the Amended Order (Doc. # 763) and deny the Government's attempt to forfeit assets belonging to Petitioners.

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
211 North Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*

*Attorney for Petitioners Jumpstart Ventures, LLC, Jumpstart Ventures II, LLC, and Gravitas Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN