IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RISHI SHAH, et al.,<br><br>    Defendants. | Case No. 19 CR 864<br><br>Judge Thomas M. Durkin<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT RISHI SHAH'S
MOTION FOR BAIL PENDING APPEAL**

Mr. Shah respectfully requests that this Court grant his motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b).  In support, Mr. Shah states as follows:

1. On November 21, 2019, a federal grand jury returned a superseding indictment charging Mr. Shah with 22 counts of mail fraud, wire fraud, bank fraud, and money laundering in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1957.  R. 14.  The indictment also included forfeiture allegations, stating that the grand jury found probable cause to believe that "[a]ll right, title, and interest" in certain assets were subject to criminal forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461(c).  *Id.* at 49–57.

2. On November 22, 2019, the District Court issued a protective order restraining the assets listed in the indictment.  R. 27.  On January 3, 2020, Mr. Shah moved to amend the protective order, R. 75, arguing that the Government had impermissibly restrained assets that Mr. Shah needed to hire his counsel of choice, William Burck, violating the Sixth Amendment.  The Court denied the motion on April 8, 2020.  R. 108.  Mr. Burck accordingly withdrew his representation on June 30, 2020.  R. 116.

1

3. On March 19, 2023—nearly three years later and in the midst of trial—the Government for the first time produced documents detailing the tracing analysis underlying its forfeiture allegations. *See* Shah Forfeiture Exs. 9028, 9029, 9030, 9031. Also included among those documents were internal emails between the Government's forfeiture expert, Megan Poelking, and AUSA Matthew Madden, acknowledging that several of the items listed in the forfeiture allegations were not traceable to the crimes charged in the Superseding Indictment. *See* Shah Forfeiture Exs. 9023, 9026, 9027.

4. On April 11, 2023, the Jury convicted Mr. Shah on 19 of the 22 counts. R. 447.

5. After Mr. Shah's conviction, the Government "explicitly acknowledged" that it had illegally restrained millions in untainted assets. R. 747 at 6. Mr. Shah thus moved to amend the protective order to release millions of dollars in property that the Government conceded was not traceable to any criminal activity. R. 474, 524; *see also* R. 480 at 16, 229; R. 482 at 12; R. 482-11. The Court granted Mr. Shah's motion and ordered the release of approximately $10.5 million. R. 500, 506, 551, 555. The Court then granted in part and denied in part the Government's motion for a preliminary order of forfeiture on November 15, 2023. R. 580.

6. On July 14, 2023, in parallel with the ongoing forfeiture litigation, Mr. Shah moved for acquittal or alternatively for a new trial. R. 489. The Court denied the motion on March 21, 2024. R. 678.

7. On July 14, 2023, Mr. Shah also moved to dismiss the indictment, or alternatively for a new trial, arguing that the Government violated the Fifth and Sixth Amendments and the forfeiture laws in restraining Mr. Shah's untainted assets before trial. R. 490. The Court held evidentiary hearings, compelled testimony of multiple government attorneys and the disclosure of internal government work product, and ultimately denied that motion on June 12, 2024. R. 747.

8. On June 26, 2024, the Court sentenced Mr. Shah to 90 months' imprisonment. The Court granted Mr. Shah until September 26, 2024, to self-surrender. R. 805.

9. Mr. Shah now hereby requests that the Court further extend his time to self-surrender by granting him bail pending the adjudication of his appeal A defendant is entitled to bail pending appeal when (1) he does not pose a safety or a flight risk, and (2) his case raises a "substantial question" on appeal that would require reversal or a new trial if answered in his favor. *See* 18 U.S.C. § 3143(b). Mr. Shah readily satisfies that standard.

10. By releasing Mr. Shah on bail, the Court has essentially determined by clear and convincing evidence that Mr. Shah is not likely to flee or pose any danger to the safety of the community. *See* 18 U.S.C. § 3143(b)(1)(A).

11. As described in more detail in the accompanying memorandum, Mr. Shah's appeal will raise numerous substantial and novel questions that, if decided in his favor, would require dismissal of the indictment or a new trial.

12. First, the Government has admitted that it improperly restrained assets that deprived Mr. Shah of access to millions of dollars' worth of untainted property before trial. There are substantial questions whether that restraint deprived Mr. Shah of his counsel of choice in violation of the Sixth Amendment.

13. Second, there are substantial questions whether the Government violated Mr. Shah's Fifth Amendment rights by knowingly presenting inaccurate testimony to the grand jury, which led to the overbroad restraint.

14. Third, there are substantial questions whether the admission of more than 30 pages of grand-jury testimony from the prosecution's star witnesses deprived Mr. Shah of a fair trial. Mr. Shah's appeal will assert that the statements were inadmissible under Federal Rule of Evidence

801 because all three witnesses gave these statements after they developed a motivation to lie. *See Tome v. United States*, 513 U.S. 150, 156 (1995). And even if portions of the grand-jury statements were admissible to rebut specific issues raised on cross-examination, the statements should not have been admitted almost in their entirety. These statements came from the prosecution's most important witnesses and were authored by the Government itself to be maximally damaging to Mr. Shah.

15. For these and the other reasons explained in the accompanying memorandum in support of this motion, which is filed herewith, Mr. Shah respectfully asks that the Court grant his motion for bail pending appeal. Mr. Shah also respectfully requests that the Court hear oral argument on this motion.

16. Prior to filing the instant motion, the undersigned conferred with counsel for the Government. Counsel for the Government indicated that the Government objects to the relief Mr. Shah requests.

17. Pursuant to this Court's rules, the parties have agreed to a proposed briefing schedule for this motion. The parties propose that the Government have 14 days to file its opposition brief and that Mr. Shah have 7 days file reply brief. This schedule would make the Government's opposition brief due by August 8 and Mr. Shah's reply brief due by August 15.

WHEREFORE Mr. Shah respectfully requests that the Court grant him bail pending resolution of his appeal and that the Court grant such other and further relief as it deems just and proper.

Date: July 25, 2024            Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
211 North Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*

*Attorneys for Defendant Rishi Shah*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was served upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN