IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  RISHI SHAH, et al.,  Defendants. | Case No. 19 CR 864  Judge Thomas M. Durkin |

**DEFENDANT RISHI SHAH'S RESPONSE**
**REGARDING PRELIMINARY ORDER OF FORFEITURE**

Mr. Shah makes this submission in response to the Court's request that he file a brief "explaining why his direction to counsel to file the Petition for Relief from Forfeiture on behalf of the Gravitas and Jumpstart entities is not a violation of the forfeiture order, which orders him to forfeit the property at issue in the Petition." Minute Entry (Doc. #838) (citations omitted).

In short, the Court's prior orders required only that Mr. Shah forfeit *his interest* in the property listed in the Amended Preliminary Order of Forfeiture (Doc. #763) (the "POF"), not the interests of third parties such as Gravitas Holdings, LLC, Jumpstart Ventures, LLC, and Jumpstart Ventures II, LLC (together, "Petitioners"). While Mr. Shah holds a controlling interest in each of Petitioners, he does not hold any legal interest in Petitioners' property. Thus, the Court's prior orders do not bar Petitioners from asserting their separate claim to the property identified in the POF.

Nor could the Court have issued such an order. Under the plain language of the statute, a court cannot order the forfeiture of the property of third parties as substitute property, only the property *of the defendant*. *See* 21 U.S.C. § 853(p)(2). Here, as Mr. Shah explained in his opposition to the POF and reiterates below, a significant portion of the property the Government

1

has sought for forfeiture in this case is not his property; it is the property of Petitioners, which are separate and distinct legal entities. While the Court's prior order found that such a distinction "puts form over substance," Order (Doc. #580) at 28, the distinction between the property of a corporate entity and the property of its shareholders is among the most deeply ingrained principles of corporate law. Had Congress wished to preclude separate legal entities in which a defendant held an interest from asserting claims to forfeited property, it had the words to do so—but it limited the forfeiture of substitute property to the "property of the defendant" and gave third parties like Petitioners the statutory right to file claims against such property. *See* 21 U.S.C. § 853(p)(2); *id.* § 853(n)(2).

Indeed, in rejecting Mr. Shah's challenge to the forfeiture of the substitute property identified in the POF, the Court ordered that "[t]he determination of any third party interests in forfeitable property is deferred until a third party files a claim in an ancillary proceeding." Order (Doc. #580) at 28. Thus, in filing the Petition, Petitioners have simply done what the Court said was required in order to permit consideration of the argument that Mr. Shah had previously raised. If Mr. Shah was barred, as the Court held, from raising such an argument in opposition to the POF, then Petitioners cannot likewise be barred from raising such an argument in the ancillary proceeding, lest Mr. Shah and Petitioners be denied consideration of their arguments on the merits altogether. This Court should therefore consider the Petition on its merits in order to provide Petitioners with due process, as its prior order suggested it would.[1]

---

[1] Although the Court's Minute Entry asked Mr. Shah to answer why his "direction to counsel" to file the Petition did not violate the POF, it is the undersigned who recommended to Mr. Shah and Petitioners that, in light of the Court's direction in its Order (Doc. #580) deferring consideration of Mr. Shah's arguments to the ancillary proceeding, Petitioners would need to file a separate petition to preserve the arguments previously made by Mr. Shah as to the Government's failure to satisfy the requirements of 21 U.S.C. § 853(p)(2). The undersigned therefore believes his filing of the Petition to be fully consistent with the Court's prior direction.

**DISCUSSION**

**I.    This Court's Prior Orders Forfeited Only Mr. Shah's Interest in the Subject Property, Not the Property Interests of Petitioners**

The two orders referenced in this Court's Minute Entry, by their terms, affect only ***Mr. Shah's*** interest in any of the forfeited property. The Amended Preliminary Order of Forfeiture (Doc. #763) reflects that "all right, title, and interest **RISHI SHAH *may have*** in the property listed in Exhibit A, is hereby forfeit to the United States of America." *Id.* ¶ 2 (emphasis added). The Court's judgment similarly stated that "[t]he defendant shall forfeit ***the defendant's interest*** in the following property to the United States: See attached Amended Preliminary Order of Forfeiture." *See* Judgment (Doc. #805) at 8 (emphasis added). The orders did not forfeit interests of any third parties (nor, as explained below, would it have been proper for the Court to do so).

Instead, this Court's orders expressly recognized that third parties like Petitioners have the right to petition to have their separate interests recognized in any property alleged to be subject to forfeiture. *See* Order (Doc. #580) at 28 ("The determination of any third party interests in forfeitable property is deferred until a third party files a claim in an ancillary proceeding."). That is consistent with the procedures of 21 U.S.C. § 853(n)(2), which permit any person asserting a legal interest in property to be forfeited to file a petition asserting such an interest. *See United States v. Furando,* 40 F.4th 567, 575 (7th Cir. 2022) ("Under the criminal forfeiture statute, a third party may petition for a hearing to adjudicate its interest in property to be forfeited." (quoting *United States v. Grossman,* 501 F.3d 846, 848 (7th Cir. 2008) (citing 21 U.S.C. § 853(n)(2))); *see also* Fed. R. Crim. P. 32.2(c)(1). Indeed, such procedures are required by Due Process itself. *See United States v. Daugerdas*, 89 F.3d 545, 557 (2d Cir. 2018) ("The Due Process Clause does not permit us to hold that a third party is precluded from asserting, in her own right, her entitlement to property she claims is hers, on the ground that she is bound by a determination that the property

belonged to someone else, when that determination was made in a separate proceeding in which she was not permitted to participate."); *see also United States v. Jones,* 502 F.3d 388, 392 (6th Cir. 2007) (holding that the Government can "acquire through forfeiture no greater interest than that held *by the defendant* at the time the criminal acts were committed" (emphasis added)); *cf. Pachecho v. Serendensky*, 393 F.3d 348, 357 (2d Cir. 2004) (holding that co-owner of property maintained partial interest despite forfeiture of defendant's interest in the same).

## II. Mr. Shah Has No "Legal Interest" in Petitioners' Separate Property

The Court has previously said Mr. Shah's effort to distinguish himself from Petitioners as separate legal entities "puts form over substance." Order (Doc. #580) at 27. But, as Mr. Shah argued previously (and as the Petitioner assert), the distinction between a corporation and its shareholders (or, as here, an LLC and its members) is not a mere formalism; it is among the fundamental principles of corporate law. *See* 805 Ill. Comp. Stat. 180/30-1 ("A member [of an LLC] is not a co-owner of, and has no transferable interest in, property of a limited liability company."). Yes, Mr. Shah owns a controlling interest in each of Petitioners, but that does not make the property of Petitioners "property of the defendant," any more than a shareholder of IBM can be said to have a property interest in IBM's real estate, its inventory, or its patents. *See* 21 U.S.C. 853(p)(2) (limiting the forfeiture of substitute property to the "property of the defendant").

Indeed, it is commonplace in the forfeiture context for courts to distinguish the assets of a corporation (or LLC) from the shareholders' (or members') interests in the entity itself. *See United States v. Lucas,* 986 F.3d 224, 227–29 (3d Cir. 2021) (reversing summary judgment entered against a corporate entity claiming an interest in forfeited property, despite fact that defendant held an interest in the LLC, holding that "the Government must turn square corners when it exercises its power to confiscate private property"); *see also United States v. Swartz Family Trust,* 67 F.4th 505, 516 (2d Cir. 2023) (accepting *Government* argument that a shareholder lacked statutory

4

standing to contest the forfeiture of assets held by the corporate entity in which they own shares because "a member of an LLC has no legal interest in the assets that belong to the LLC"); *United States v. Luis Eduardo Velasquez-Cordero,* No. 2:20-cr-00106, 2024 WL 3691793 at *6 (D.N.J. Aug. 8, 2024) (reciting *Government* argument that courts should "den[y] statutory standing to individual petitioners who are members of a corporate entity such as a limited liability company (LLC) when the individual petitioner makes a claim to an asset owned by the LLC"); *United States v. Pilitz,* No. 17-CR-0053, 2023 WL 8891398 at *6 (E.D.N.Y. Dec. 26, 2023) (accepting *Government* argument that a third-party petition should be dismissed because members or shareholders of corporate entities "do not possess any interest in the company's assets"); *United States v. Diaz*, No. 17-20631, 2023 WL 7483299 (Sept. 20, 2023) (holding that "a member of an LLC lacks standing to contest property owned by the LLC because a member owns only his/her equitable share *in the LLC itself* and does not own the LLC property" (emphasis in original)); *United States v. Castle*, No. 18-CR-531, 2020 WL 4059808 at *3 (S.D.N.Y. 2020) (collecting cases).

## CONCLUSION

Mr. Shah holds an interest in each of Petitioners. Petitioners hold an interest in various items of property covered by the POF. But that does not make the property of Petitioners' Mr. Shah's property, nor does it give Mr. Shah any "legal interest" in Petitioners' property. 21 U.S.C. § 853(n)(2). As a result, this Court's prior orders did not extinguish Petitioners' interests in the property identified in the POF, and Petitioners are not thereby precluded from asserting their interests under 21 U.S.C. § 853(p). Mr. Shah therefore respectfully submits he (and Petitioners) are in full compliance with the Court's prior orders.

Dated: August 14, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　BRYAN CAVE LEIGHTON PAISNER LLP

　　　　　　　　　　　　　　　　　　　　　*/s/ Richard E. Finneran*
　　　　　　　　　　　　　　　　　　　　　RICHARD E. FINNERAN
　　　　　　　　　　　　　　　　　　　　　211 North Broadway, Suite 3600
　　　　　　　　　　　　　　　　　　　　　St. Louis, Missouri 63102
　　　　　　　　　　　　　　　　　　　　　Tel: (314) 259-2000
　　　　　　　　　　　　　　　　　　　　　Fax: (314) 259-2020
　　　　　　　　　　　　　　　　　　　　　*richard.finneran@bryancave.com*

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Rishi Shah*

## CERTIFICATE OF SERVICE

　　　I hereby certify that the foregoing was served upon all counsel of record by operation of the Court's electronic filing system.

　　　　　　　　　　　　　　　　　　　　　*/s/ Richard E. Finneran*
　　　　　　　　　　　　　　　　　　　　　RICHARD E. FINNERAN