UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19 CR 864 |
| | ) | |
| RISHI SHAH, | ) | |
| SHRADHA AGARWAL, and | ) | Judge Thomas M. Durkin |
| BRAD PURDY | ) | |
| | ) | |

## **GOVERNMENT'S MOTION TO PERMIT VIDEO TESTIMONY**

On September 3, 4, and 5, the Court will hold a hearing on the appropriate amount of restitution the defendants must pay in order to make victims whole per the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq. The government currently plans to call an expert witness pertaining to investor losses[1] and at least one investor victim representative.

The government hereby requests that victims of the defendants' fraud be permitted to appear and testify via video conference instead of appearing live in court at the hearing. Defendant Shah opposes this request.[2] The victim witness that the government currently anticipates testifying at the restitution

---

[1] The government will produce a disclosure of the expert witness's opinions and the bases for those opinions to the defense and the Court on August 20, 2024.

[2] The government conferred with counsel for defendant Shah on this issue and was unable to reach a compromise that would avoid involving the Court. Counsel for defendants Agarwal and Purdy have not yet expressed a position on the government's request.

hearing lives in London and has work-related and personal commitments that preclude his ability to travel to Chicago to attend the hearing when it is currently scheduled. The government therefore respectfully requests an expedited ruling so that the government may consider a motion to continue the hearing date to permit the victim witness to appear in person at a later date.[3]

## I. Sixth Amendment Confrontation Rights do not Apply at Sentencing

Some courts have found that the use of video testimony *at trial* can be a violation the Sixth Amendment's right to confrontation absent special circumstances. *See, e.g., United States v. Yates*, 438 F.3d 1307, 1313-14 (11th Cir. 2006). However, the Seventh Circuit has found that the Sixth Amendment's Confrontation Clause "does not apply to a *sentencing proceeding*, [so] the court may rely on the testimony or other statement of a witness even if that witness has not been subject to cross-examination by the defendant." *United States v. Ghiassi*, 729 F.3d 690, 695-96 (7th Cir. 2013) (emphasis added). "In the sentencing context, the district court is not bound by the rules of evidence and, so long as it is reliable, may consider a wide range of evidence, including hearsay, that might otherwise be inadmissible at trial." *Id.* (citing

---

[3] Should it become necessary to continue the hearing date to permit the victim witness to attend the hearing in person, the government would request that the Court also move the dates for filing the government's pre-hearing position memoranda and its expert report.

Fed. R. Evid. 1101(d)(3) and other Seventh Circuit precedent). This tenet extends to restitution-specific proceedings. *See United States v. Wyatt*, 9 F.4th 440, 452-53 (7th Cir. 2021).

## II. Two-Way Video Testimony of Victims Would be More than Sufficient for Purposes of the Restitution Hearing

Defendants have a due process right to be sentenced on the basis of reliable information. *United States v. Nunez*, 627 F.3d. 274, 280 (7th Cir. 2010). But the law does not require the Court to rely on live testimony (whether by video or in court) to use information provided by witnesses for purposes of calculating restitution.

"[T]he evidentiary standards are relaxed at sentencing; judges may consider a largely unlimited scope of evidence, as long as the evidence has sufficient indicia of reliability to support its probable accuracy." *Id*. (cleaned up). The Seventh Circuit has repeatedly illustrated the broad scope of evidence that a court can consider and use at sentencing. For example, in *Ghiassi*, the Seventh Circuit found it appropriate that a sentencing judge relied upon out-of-court testimony of a co-conspirator at her own (separate) sentencing and change-of-plea hearings, and the in-court testimony by an agent about the co-conspirator's out-of-court admissions to the agent. 9 F.4th at 696. Similarly, the Seventh Circuit upheld a district court's sentencing determinations when

they relied heavily on grand jury testimony by witnesses. *United States v. Grigsby*, 692 F.3d 778, 790 (7th Cir. 2012). In *Nunez*, the Seventh Circuit similarly found that the district court had not erred in relying on the government's notes from its interview of a confidential informant to make decisions at sentencing when the informant's statements recorded in the notes were corroborated by other record evidence. 627 F.3d at 277, 282-83.

These Seventh Circuit rulings illustrate the extent to which the Court may rely upon witness information that is not subject to *face-to-face, in-court* cross-examination. Here—unlike the evidence considered in *Nunez, Grigsby,* and *Ghiassi*—the victim witness *would* be subject to live cross-examination over video, supporting the reliability of the testimony. Moreover, the Court could consider other record evidence to assess the reliability of the victim witness's live video testimony. For example, the government anticipates the witness's testimony to be corroborated by financial statements prepared by his employer during the time period addressed by the witness's testimony.

## III. Conclusion

Because the use of live video testimony at sentencing does not implicate the Confrontation Clause and does not inherently raise issues about reliability that outright preclude its use, there is no need to disrupt the schedule for the hearing to permit the witness to fly from London to Chicago to appear at the

hearing. The witness is available to testify by video on September 4. Therefore, the government requests a ruling by the Court permitting such an appearance, thereby bringing clarity to the scheduling for the hearing.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:     s/ *Jason Yonan*
        Jason Yonan
        William Hogan
        Corey B. Rubenstein
        Assistant United States Attorneys
        219 S. Dearborn Street
        Chicago, Illinois 60604
        (312) 886-2050

        GLENN S. LEON
        Chief, Fraud Section
        Criminal Division
        U.S. Department of Justice

By:     s/ *Kyle C. Hankey*
        Kyle C. Hankey
        Assistant Chief
        1400 New York Ave NW
        Washington, D.C. 20530
        (202) 616-2639