IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>RISHI SHAH, et al.,<br><br>        Defendants,<br><br>and<br><br>JUMPSTART VENTURES, LLC,<br>JUMPSTART VENTURES II, LLC and<br>GRAVITAS HOLDINGS, LLC,<br><br>        Third-Party Petitioners,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 19 CR 864<br>Judge Thomas M. Durkin |

**JOINT MOTION TO STAY**
**FURTHER PROCEEDINGS ON PETITION FOR RELIEF FROM FORFEITURE**

COME NOW Petitioners Jumpstart Ventures, LLC, Jumpstart Ventures II, LLC, and Gravitas Holdings, LLC (together, "Petitioners") and Respondent the United States of America (together with Petitioners, the "Parties"), by and through their respective undersigned attorneys, and respectfully request that the Court stay further proceedings with respect to the Third-Party Petition for Relief from Forfeiture (Doc. #822) (the "Petition"). In support of their motion, the Parties set forth the following:

1

1. On July 18, 2024, Petitioners filed the Petition (Doc. #822), requesting relief from this Court's Amended Preliminary Order of Forfeiture (Doc. #763) (the "Amended Order") and return of the property specified in that Order (the "Subject Property").

2. On August 16, 2024, the Court ordered the Government to file a response to the Petition by August 26, 2024. *See* Minute Entry (Doc. #847).

3. Title 21, United States Code, Section 853(n)(4) provides that, upon the filing of a petition for relief from forfeiture, a hearing on the petition shall, "to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition."

4. The Parties agree that, under the circumstances, it is neither practicable nor consistent with the interests of justice for a hearing on the Petition to be held within the time prescribed by the statute, for multiple reasons.

5. First, Mr. Shah and Ms. Agarwal have both filed appeals of the judgments in their cases, and the Parties understand that those appeals are likely to challenge the validity of the Court's Amended Order. Depending on the disposition of those appeals by the Seventh Circuit, the issues raised by the Petition may either be mooted or resolved in such a fashion as to make further proceedings on the Petition unnecessary.

6. Second, there is uncertainty as to the present value of the Subject Property, and there may be an issue concerning whether the value of such property will be sufficient to cover the money judgments entered against Mr. Shah and Ms. Agarwal. Additionally, because this Court has not yet entered an order of restitution against the defendants, there may be an issue concerning whether any restitution amount will exceed the value of the Subject Property.

7.  Thus, the Parties believe that it will serve the interests of justice and judicial economy for this Court to stay further judicial proceedings with respect to the Petition to permit time for the defendants' appeals to be resolved and for valuations of the Subject Property to be attempted. .

8.  The Parties do not intend for this stay to impede the rights of any of them to seek an interlocutory sale of any of the Subject Property. Specifically, Federal Rule of Criminal Procedure 32.2(b)(7) provides that "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Supplemental Rule G(7)(b) authorizes the Court to permit the interlocutory sale of the Subject Property for "good cause."

9.  Any of the Parties may seek to lift the stay at any time.

WHEREFORE the Parties pray that this Court stay further proceedings on the Petition until further order of the Court, including striking the date for the Government's response to the Petition, which stay is without prejudice to the right of any of the Parties to seek this Court's authorization of any sale or liquidation of any of the Subject Property, and that the Court grant the Parties such other and further relief as it deems just and proper.

Dated: August 21, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2080
Fax: (314) 259-2020
*richard.finneran@bryancave.com*

*Attorney for Petitioners*

MORRIS PASQUAL
Acting United States Attorney

By: /s/ Corey B. Rubenstein
Jason Yonan
William Hogan
Corey B. Rubenstein
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 886-2050

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: /s/ Kyle C. Hankey
Kyle C. Hankey
Assistant Chief
1400 New York Ave NW
Washington, D.C. 20530
(202) 616-2639

*Attorneys for United States of America*

4