IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RISHI SHAH, et al.,<br><br>Defendants. | Case No. 19 CR 864<br><br>Judge Thomas M. Durkin |

**DEFENDANTS' JOINT MOTION TO AMEND THE**
**COURT'S MEMORANDUM OPINION AND ORDER ON RESTITUTION**

Defendants Rishi Shah, Shradha Agarwal, and Brad Purdy respectfully move this Court, pursuant the Court's inherent authority to reconsider its interlocutory orders, to amend its Memorandum Opinion and Order on restitution (the "Order") (Doc. #1045) to correct a methodological error in the Court's valuation of Outcome Health ("Outcome"). In support, the Defendants state as follows:

1. On August 19, 2026, this Court issued its Order (Doc. #1045), which included an interlocutory ruling regarding the amount of restitution owed to the institutional investors in this case, while leaving open certain questions relating to losses allegedly suffered by the lenders and apportionment of restitution among the Defendants.

2. Defendants do not ask this Court to reconsider its determination that a restitution order is appropriate in this case, a question the parties have already thoroughly litigated and briefed. *See, e.g.*, Mot. to Terminate Restitution Proceedings (Doc. #911); Mem. in Supp. (Doc. #912); Renewed Mot. to Terminate Restitution Proceedings (Doc. #989); Mem. in Supp. (Doc. #990); Second Renewed Mot. to Terminate Restitution Proceedings (Doc. #1009); Mem. in Supp. (Doc. #1010).

3. Instead, Defendants respectfully submit that, even accepting the factual findings and assumptions underlying the Order, the Order's valuation methodology improperly double-counted the risk of revenue decline that the Government's own expert had already built into his forecast, resulting in a significantly understated valuation of Outcome and a correspondingly overstated restitution figure.

4. As explained more fully in the accompanying memorandum in support of this motion, the Order arrived at its valuation by applying a 10% company-specific risk premium ("CSRP") drawn from the analysis of Defendants' expert, Carl Saba, to the pessimistic "Revenue Decline" forecast of the Government's expert, Josh Johnston, even though Mr. Johnston's forecast already accounted for the very risk that Mr. Saba's CSRP was designed to capture.

5. That double-counting produces an internally inconsistent valuation: among other things, it implies an effective cost of equity of approximately 26%, a rate higher than that associated with the riskiest early-stage, pre-revenue startups and not with an operating company like Outcome, which had an established customer base and years of real historical revenue.

6. The resulting valuation is also irreconcilable with either expert's market-based approach, which both experts agreed should produce results in the same general range as their income-based approaches; the Order's valuation instead produces a discounted-cash-flow figure roughly ***twice*** the value indicated by the market-based approaches it accepted.

7. Correcting the Order's double-counting of risk, without disturbing the Order's other findings regarding the reliability of each expert's other assumptions, produces a valuation for Outcome of between \$480 million and \$520 million, and a corresponding restitution figure of between approximately \$100 million and \$122 million. Defendants respectfully submit that, without that correction, the methodology employed the Court cannot be considered sufficiently

reliable to form the basis for a restitution order. *See, e.g.*, *United States v. Scalzo,* 764 F.3d 739, 745 (7th Cir. 2014) (holding that restitution must be supported by evidence that is "supported and appears reliable").

8. A memorandum in support of this motion is filed contemporaneously herewith.

9. Prior to filing the instant motion, the undersigned counsel conferred with AUSA Jason Yonan, who has indicated that the Government was agreeable to reviewing Defendants' proposed corrections with Mr. Johnston, but that the Government was unable to consent to the Defendants' proposed corrections prior to reviewing Mr. Saba's supplemental report and Defendants' proposal. Mr. Yonan has indicated that the Government will evaluate the information and arguments submitted herewith and will confer with Defendants' counsel as necessary following its review of the instant filing.

WHEREFORE the Defendants respectfully request this Court amend its Order (Doc. #1045) to correct its double-counting of Outcome's risk of revenue decline, which would result in a restitution amount of between approximately $100 million and $122 million, and that the Court grant such other and further relief as it deems just and proper.

Dated: October 8, 2026

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER, LLP
By: */s/ Richard E. Finneran*
RICHARD E. FINNERAN
HANNAH E. DEMAND
211 North Broadway, Suite 3600
St. Louis, Missouri 63012
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*hannah.demand@bryancave.com*

*Counsel for Defendant Rishi Shah*

*/s/ Patrick W. Blegen*

Patrick W. Blegen
BLEGEN & ASSOCIATES

*Counsel for Defendant Shradha Agarwal*

*/s/ Theodore T. Poulos*
Theodore T. Poulos
COTSIRILOS, TIGHE, STREICKER,
POULOS & CAMPBELL, LTD.
55 E. Monroe St., Ste. 3250
Chicago, IL 60603

*Counsel for Defendant Brad Purdy*